155     187<br>f  33 SC ³250

# Feather *v.* Reading, Appellant.

*Negligence—Evidence—Medical attendance.*

In an action by a married woman to recover damages for personal in-
juries, it is proper to permit the plaintiff to testify that she did not procure
medical attendance because her husband was out of employment, and she
was not able to pay for a physician.

*Negligence—Contributory negligence—Municipalities—Open area.*

A municipality is liable in damages to a person who falls into an un-
guarded area-way opening on the sidewalk of a public street, where the
area-way is so situated that persons using the sidewalk with ordinary care
might by accident fall into it.

In an action for personal injuries, it appeared that, on an evening in
August, plaintiff, who was visiting in Reading and unfamiliar with its
streets, went to make a call upon friends, and found them seated on the
front doorsteps; she took her seat upon the lower step on a cushion.   When

she arose to go home it was after dark. She took the cushion and stepped around the side of the step so as to put the cushion on the top step, and in doing so fell into an open unguarded area-way at the side of the steps. *Held,* that it was proper to submit the question of defendant's negligence and plaintiff's contributory negligence to the jury.

Argued Feb. 28, 1893. Appeal, No. 7, Jan. T., 1893, by defendant, from judgment of C. P. Berks Co., June T., 1890, No. 9, on verdict for plaintiffs, W. Wase Feather and wife, in right of wife. Before STERRETT, C. J., WILLIAMS, MCCOLLUM, MITCHELL and DEAN, JJ.

Trespass for personal injuries.

At the trial, before ERMENTROUT, P. J., it appeared that plaintiff, a married woman, was visiting friends in Reading in August, 1889, and that it was the first time she had been in that city. On the evening of her arrival, August 19th, she went to call upon friends on North Sixth street, and found them seated upon their front doorstep. She sat down upon the lower step on a cushion. When she arose to go home it was after dark. She took the cushion, stepped around the side of the steps so as to put the cushion upon the top step, and in doing so fell into an open, unguarded area-way at the side of the steps. She testified: " I got up; I stepped around the side of the step, as I thought, to put the cushion up, and I knew nothing until I felt myself going down. That is all I remember." The area-way into which plaintiff fell was four feet, five and one half inches long, extending north and south along the street; two feet, six inches wide; and four feet, two and one half inches deep below the level of the pavement, and from the top step six feet, nine inches, without railing or guard either about the hole on the pavement or about the stoop leading up and into the house.

When plaintiff was on the stand she was asked: " Q. You have been asked several times whether you had or had not a physician attend you. State why you did not have a physician attend you. Mr. Ruhl: That is objected to as immaterial and irrelevant. Mr. Jacobs: Counsel for plaintiff proposes to ask the witness why she does not have a physician, and has not had one for a year, she having been asked repeatedly by the counsel for the defendant why she did not have a physician,

and her answer, that her husband was out of employment, not having been repeated to the jury so that they could hear it. The Court: You can ask the question. Exception. [1]

"Q. Why have you not had a physician? A. My husband was out of employment, and I was not able to pay for a physician."

Defendant's points, among others, were as follows:

"2. The testimony of the plaintiff that she did not procure medical attendance because her husband was out of employment must be disregarded by the jury." Refused. [2]

"4. The fact that it may have been dark or twilight did not relieve the plaintiff from the duty of looking where she walked, especially when she turned out of the beaten path of the highway and walked two feet within the line of the steps of the house on that part of the street. And if the jury find that she picked up the hassock when she stood upon the pavement in front of the steps and walked around the steps without looking where she was walking, it was negligence per se on her part and she cannot recover. *Answer :* The first portion of this point we affirm, wherein it states that the fact that it may have been dark or twilight did not relieve the plaintiff from the duty of looking where she walked. With regard to the latter part, it is left to the jury to say whether, under all the facts of the case, she was or was not guilty of negligence." [3]

"6. Under all the evidence in this case the verdict must be for the defendant. *Answer :* The sixth point is reserved." [4]

Verdict and judgment for plaintiff for $3,650. The court subsequently entered judgment for plaintiff on the verdict on the point reserved.

*Errors assigned* were (1) ruling on evidence, (2–4) instructions, quoting instructions, bill of exception and evidence ; and (5) in entering judgment.

*William J. Rourke,* city solicitor, and *Christian H. Ruhl, Daniel Ermentrout* with them, for appellant, cited: Hoag & Alger v. Lake Shore & Michigan Southern R. R., 85 Pa. 297; King v. Thompson, 87 Pa. 368 ; Bacon v. R. R., 143 Pa. 20; Robb v. Connellsville Borough, 137 Pa. 45 ; Haven v. Pittsburgh and Allegheny Bridge Co., 151 Pa. 620.

*J. H. Jacobs* and *H. P. Keiser, Samuel N. Potteiger* and *C. E. Keck* with them, for appellees, cited: Sh. & Red. Neg. § 375; Thompson v. Bridgewater, 7 Pick. 188; Barnes v. Sowden, 119 Pa. 53; West Chester & Phila. R. R. v. McElwee, 67 Pa. 315; Germantown Pass. Ry. v. Walling, 97 Pa. 62; Pittsburgh Pass. R. v. Kane, 44 Leg. Int. 27; McNerney v. City of Reading, 150 Pa. 611; North Penn. R. R. v. Kirk, 90 Pa. 15; R. R. v. White, 88 Pa. 327; Allen v. Willard, 57 Pa. 374.

PER CURIAM, March 20, 1893 :

The questions of negligence, contributory negligence, etc., were fairly submitted to the jury in a clear and impartial charge, in which the duties of the city authorities, on the one hand, and the rights of pedestrians, on the other, were fully and accurately stated. As to the defendant's negligence in permitting the dangerous area within the lines of the sidewalk, to remain open and unguarded, the evidence was so clear and emphatic that the jury could have no hesitation in finding for the plaintiff on that question. There was scarcely more than a mere scintilla of evidence, as to the alleged contributory negligence of the plaintiff, and that question has been rightly settled in her favor by the verdict. The truth of plaintiff's testimony as to her physical condition, and sufferings resulting from the injuries she sustained by falling into the unguarded area, was evidently found by the jury ; and they assessed the damages at a sum that was not only warranted by the evidence, but entirely satisfactory to the learned trial judge.

The subject to which the first specification relates appears to have been first introduced by defendant, and that justified the admission of the testimony therein complained of. There was no error in refusing to charge as requested in defendant's point recited in the second specification. Nor was there any error in the learned judge's answer to the point recited in the third specification.

The question of law presented by the point, recited in the fourth specification, viz.: " Under all the evidence in this case the verdict must be for the defendant," was rightly reserved, and afterwards correctly decided by refusing to enter judgment, non obstante veredicto, in favor of defendant.

The case depended entirely on questions of fact which were

exclusively for the jury.    We find no error in their submission ;
nor in any of the learned judge's rulings on the trial.

Judgment affirmed.