# Snader *v.* Murphy, Appellant.

*Negligence—Sidewalk—Cellar door in sidewalk.*

A cellar door occupying two fifths of the width of the sidewalk must be regarded as so far a part of the public highway as to require the property owner to maintain it in such a condition as to be reasonably safe for such lawful use as the public may find necessary or convenient. This is particularly the case when the door is placed in front of a window so furnished as to invite the attention of passersby.

In an action to recover damages for personal injuries resulting from a fall through a cellar door in a sidewalk, the case is for the jury, and a

verdict and judgment for plaintiff will be sustained, where the uncontradicted evidence showed repeated notice to the defendant of the defective condition of the door before the accident, and the evidence for the plaintiff tended to show that there was nothing to indicate to her that the use of the door was attended with danger.

Argued Oct. 14, 1901.   Appeal, No. 59, Oct. T., 1901, by defendants, from judgment of C. P. No. 4, Phila. Co., June T., 1900, No. 652, on verdict for plaintiffs in case of Flora V. Snader and William H. Snader, her husband, v. City of Philadelphia and Patrick J. Murphy.   Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Trespass to recover damages for personal injuries.   Before WILLSON, J.

At the trial it appeared that Patrick J. Murphy was the owner of the premises 1020 Cumberland street, and that the plaintiffs occupied the premises next door, No. 1022 Cumberland street.   In front of Murphy's house was a cellar door occupying two fifths of the sidewalk.   The door was immediately in front of a bulk window.   On August 15, 1898, Flora V. Snader went out from her own house and stepped on the cellar door in Murphy's pavement in order to look at a clock in Murphy's shop.   The door gave way and she fell through and was injured.   The uncontradicted evidence showed that Murphy had repeated notice of the rotten and defective condition of the door, although such condition was to some extent hidden by paint.

Defendant presented these points :

1. That when the plaintiff fell and was injured, the uncontradicted evidence is, she had stepped upon the cellar door which gave way; that she did this knowingly; that the paved footpath between the cellar door and the curbstone was unobstructed and of the width fixed by ordinance.   Under these circumstances I direct you to find a verdict for the defendant. *Answer :* Refused. [1]

2. I require you to find a verdict for the defendant and against the plaintiff, because it is in evidence, without contradiction, that the plaintiff stepped upon the cellar door, which, obviously, was not intended to be so used, and thereby caused it to fall, and so contributed to her injury.   *Answer :* Refused. [2]

The judge in part charged as follows:

[I think it must be conceded that a projecting doorway like that becomes a part of the highway. It is a part of the highway, doubtless, which persons who use it must scrutinize perhaps more carefully than they would the rest of the highway, but still it becomes a part of the highway, and it is the duty of the city and of the property owners, upon notice that there is a defect there which makes it perilous for people to use it in the way which is usual and natural to use such a portion of the highway, to see that the defect is remedied.] [3]

Verdict and judgment for plaintiff for $889. Defendants appealed.

*Errors assigned* were (1–3) above instructions, quoting them.

*E. Hunn Hanson,* with him *C. T. Quinn,* for appellant.—The cellar door was not a part of the highway: Dickson v. Hollister, 123 Pa. 421; Stackhouse v. Vendig, 166 Pa. 586.

The relevant facts are plain and uncontradicted; they are, that thoughtlessly and in a hurry the plaintiff, entirely familiar with the place, stepped where she never had before, and upon a place obviously intended as the entrance to a cellar and not a place of passage. Thinking, however, was her duty, and its absence was negligence: King v. Thompson, 87 Pa. 365; Erie v. Magill, 101 Pa. 616; Barnes v. Sowden, 119 Pa. 53; Robb v. Boro. of Connellsville, 137 Pa. 42; Stackhouse v. Vendig, 166 Pa. 582; Scranton v. Hill, 102 Pa. 378; Johnson v. Wilcox, 135 Pa. 217; Hentz v. Boro. of Somerset, 2 Pa. Superior Ct. 225.

*Arthur S. Arnold,* for appellee.—The municipal corporation must not allow cellar-ways descending from sidewalks to basements of buildings to become traps for pedestrians. The walk must be reasonably safe and any opening that projects into it should be guarded, and cellar doors covering such an opening must be reasonably safe: Jones on Negligence of Municipal Corporations, section 95; Johnston v. City of Charlestown, 3 So. Car. 232.

The case was for the jury: Dormer v. Alcatraz Paving Co., 16 Pa. Superior Ct. 407; Elston v. Delaware, etc., R. R. Co.,

196 Pa. 595; Conyngham v. Erie Electric Motor Co., 15 Pa. Superior Ct. 573; Glase v. Phila., 169 Pa. 488; Mintzer v. Hogg, 192 Pa. 137.

OPINION BY SMITH, J., January 21, 1902:

The circumstances recited in the defendant's first point were not of a character to justify the instruction asked for. The plaintiff's conduct, as therein described, was not so manifestly negligent that the court could judicially pronounce it negligence per se. The question of her contributory negligence was clearly one for the jury. Nor was the evidence such as to warrant the conclusion, by the court, that the cellar door on which the plaintiff stepped "was obviously not intended to be so used," as alleged in the defendant's second point. Both points involved questions of fact which, under the evidence, were for determination by the jury.

As to the third specification, there was no allegation by the plaintiff "that the cellar door projected unlawfully into the sidewalk." There neither was nor could be any denial that it was lawfully there. But a cellar door, occupying two fifths of the width of the sidewalk, must be regarded as so far a part of the public highway as to require the property owner to maintain it in such a condition as to be reasonably safe for such lawful use as the public may find necessary or convenient. This is particularly the case when the door is placed in front of a window so furnished as to invite the attention of passersby. The plaintiff's right to use the door as she did is as undeniable as the defendant's right to maintain it there—assuming, as the jury have found, that there was nothing to indicate to her that such use was attended with danger. The evidence showing repeated notice to the defendant of the condition of the door was uncontradicted, and warranted the conclusion that he had knowledge of its defects.

The cases cited in support of the specifications have nothing in common with the one in hand. In each, the injury was a consequence of needless exposure to obvious dangers. The conditions presented in the case before us were materially different in character, as to the visible elements of danger; and whether the plaintiff exhibited a lack of the care demanded by the circumstances was a question for the jury, since there was no

standard by which it could be determined by the court. The question was submitted in a charge that fully and accurately defined the matters essential to the plaintiff's right to recover, and those operating as a defense.

Judgment affirmed.