# McHugh *v.* Kerr, Appellant.

208        225
26 SC   241
208        225
f 33 SC  251
208        225
35 SC   316

*Negligence—Defective sidewalk—Cellarway and pavement—Contributory negligence.*

In an action against a property owner to recover damages for personal injuries, it appeared that plaintiff was injured by falling into a cellarway in a pavement in front of defendant's building. The steps of the cellarway were at right angles to the building. The cellarway was five feet three inches long and three feet eight inches in width. There was no guard rail on the south side of it, but there was a stone seven or eight inches high at the building, and sloping down to a level with the pavement at the entrance of the cellarway. On the south side of the building was a covered driveway, and the plaintiff in walking out from this driveway turned towards the open cellarway and fell into it. The evidence showed that plaintiff had frequently driven in and out of the driveway, but had never gone in or out on foot until the day he was injured. The wagon which he drove was a covered one. He testified that he was not familiar with the cellarway. He stated that when he emerged from the driveway he saw a crowd of people through which he would have to pass, or which he would have to join. He turned and fell into the cellarway. *Held*, that the questions of defendant's negligence and plaintiff's contributory negligence were for the jury and that a verdict and judgment for plaintiff should be sustained.

Argued Jan. 18, 1904. Appeal, No. 195, Jan. T., 1903, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1902, No. 4010, on verdict for plaintiff in case of John C. McHugh v. Samuel T. Kerr, executor of Alexander Kerr, deceased. Before MITCHELL, C. J., DEAN, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WILLSON, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict for plaintiff for $3,000 upon which judgment was entered for $2,000, all above that amount having been remitted.

*Error assigned* was in refusing binding instructions for defendant.

*Joseph de F. Junkin*, with him *James B. Kinley*, for appellant.—Plaintiff was guilty of contributory negligence : D. L.

& W. R. R. Co. v. Cadow, 120 Pa. 559; Erie v. Magill, 101 Pa. 616; Fleming v. Lock Haven, 15 W. N. C. 216; Barnes v. Sowden, 119 Pa. 53; Pittsburg Southern Ry. Co. v. Taylor, 104 Pa. 306; Nanticoke Borough v. Warne, 106 Pa. 373; City of Altoona v. Lotz, 114 Pa. 238; Carr v. Easton City, 142 Pa. 139; Forker v. Sandy Lake Borough, 130 Pa. 123; Burns v. Bradford City, 137 Pa. 361; Hill v. Tionesta Township, 146 Pa. 11; Haven v. Pittsburg, etc., Bridge Co., 151 Pa. 620; Boyle v. Mahanoy City, 187 Pa. 1.

*Eugene Raymond*, for appellee.—The case was for the jury: McNerney v. Reading, 150 Pa. 611; Musick v. Boro. of Latrobe, 184 Pa. 375; Rusterholtz v. N. Y., etc., R. R. Co., 191 Pa. 390; O'Malley v. Borough of Parsons, 191 Pa. 612; Fee v. Columbus Boro., 168 Pa. 382; Bruch v. Philadelphia, 181 Pa. 588; Rosevere v. Osceola Mills Borough, 169 Pa. 555; Henry v. Williamsport, 197 Pa. 465; McCracken v. Consolidated Traction Co., 201 Pa. 378; Heh v. Consolidated Gas Co., 201 Pa. 443; Butcher v. Philadelphia, 202 Pa. 1; Brown v. White, 202 Pa. 297; Glading v. Philadelphia, 202 Pa. 324.

OPINION BY MR. JUSTICE BROWN, February 29, 1904:

The plaintiff was injured by falling into the cellarway lead-ing from the front of the building owned by the defendant to the cellar under it. The steps are at right angles to the build-ing, which is on the west side of North Sixth street, between Market and Arch streets, in the city of Philadelphia. The cellarway is five feet three inches long and three feet eight inches in width. There is no guard rail on the south side of it. There was a stone on that side, called a guard stone by one of the witnesses for the defendant, which was about seven or eight inches high at the building and sloped down to a level with the pavement at the entrance of the cellarway. On the south side of the building there is a covered driveway. In walking out from it and turning to his left to go up Sixth street to get his team, which was on the other side near Arch, the plaintiff fell into the open cellarway.

The negligence of the defendant in not properly guarding the south side of the cellarway was so clearly for the jury that it is not necessary for us to discuss the question. If the court be-

low had held that the stone—less than a foot high at the building, tapering down to a point level with the pavement—was a sufficient protection, and that, by having it there, the defendant had exercised due care under the circumstances, there would have been a judicial assertion of a fact which few juries would be likely to find. But the question of the contributory negligence of the plaintiff is a very close one. Under the circumstances, however, it, too, was properly submitted to the jury.

Though the plaintiff had frequently driven in and out of the driveway, he had never gone in or out on foot until the day he was injured. His wagon was a covered one, and he may not, often as he had driven in, have noticed this unprotected opening at the entrance. Counsel for appellant, in their printed argument, assert that " it is a significant fact that the plaintiff did not say that he was not aware of this cellarway." In making this statement his testimony was overlooked, for he testified that he " was not familiar with the holes that were there," that he " was not familiar with the cellarway," and that there was nothing to direct his attention to the place when he was in his wagon. These statements may have been true. Whether they were was for the jury, as was the probability or improbability of his whole testimony.

On the morning that he was injured the plaintiff left his team standing on the east side of Sixth street, a little north of defendant's building, and carried over to and through the driveway a knife five or six feet long, which he left in the rear of the building to be sharpened. He testified that he was obliged to take it to the rear, which was reached through the driveway. Returning on the north side of the driveway, close to the building, as he approached the pavement, he saw a crowd of people passing up and down, through which he would have to pass or which he would have to join. Unfamiliar, as. he says he was, with this unprotected cellarway, and turning, as he most naturally would have done before going out on the crowded pavement, he fell into it. Under this state of facts, unless it was his duty to keep his eyes down on the pavement and look there only for danger to be avoided, he cannot be declared by a court to have been negligent. Coming out of the driveway and seeing, before he emerged from it, that the street

was crowded, it was his duty, in the exercise of ordinary care, to look out for danger, not only beneath his feet, but to his head and the rest of his body as well. If he had been out on Sixth street and, in walking up the same, had stepped into this open cellar, which, by the exercise of ordinary care he must have seen, the injury would unquestionably have been due to his own negligence; but, in coming out of the driveway, and making the turn to his left, it cannot be said as a matter of law that it was his duty, before turning and attempting to go up the street, to stop and see that there was no pitfall in the pavement. Not having known, as he testified, that the opening was there, he did just what any man exercising ordinary care might naturally have done under the circumstances. He had a right to assume that he was turning and would walk on a reasonably safe pavement, and was not bound to exercise extraordinary care in doing so: Bruch v. Philadelphia, 181 Pa. 588. Care according to the circumstances was all that was required of him, and whether he exercised it under the conditions that surrounded him, and to which we have referred, was for the jury. Nothing can well be added to what the learned and careful trial judge said in refusing the motion for a new trial: " We cannot say that under the circumstances detailed by the plaintiff he ought to have seen the opening, or ought to have remembered its existence, and just where it was located, and how it was situated with reference to the passageway, or how high the coping was. The plaintiff was, of course, bound to exercise such care over himself in his movements as a reasonable, prudent person should. It must, however, be known, as a matter of common experience, that men engaged in business, on errands for their employers, move with expedition, and sometimes find obstructions to their vision which prevent them from seeing what otherwise they would see. It can hardly be required, as a matter of obligation on the part of citizens, that a man must, under all circumstances, remember that an obstruction or defect exists in the highway because he had observed it before. The plaintiff testified that his view was obstructed and his course impeded by the presence of a considerable number of people upon the sidewalk, and that he did not see where he was going when he fell into the opening referred to. Treat-

ing the matter as it seems to us it ought to be treated, and not imposing upon the plaintiff more severe requirements as to his use of the highway than would seem to be reasonable and proper, we have regarded the whole case as one for the jury to settle by its verdict."

Judgment affirmed.