209    283
e 33 SC 251

## Curry *v.* Erie City, Appellant.

*Negligence—Bicycles—Defect in asphalt pavement—City.*

In an action by a girl fourteen years old against a city to recover damages for personal injuries sustained by a fall from a bicycle, a verdict and judgment for plaintiff will be sustained where the evidence shows that the accident occurred on an asphalted street, that the fall was due to a depression caused by the subsidence of the foundation so that the surface of the asphalt had sunk but was not broken, that the defect was not noticeable until the rider came near it and that plaintiff had no knowledge of the condition of the pavement.

Argued April 25, 1904. · Appeal; No. 128, Jan. T., 1904, by defendant, from judgment of C. P. Erie Co., Sept. T., 1901, No. 95, on verdict for plaintiff in case of Stella Curry by her mother and next friend, Sarah Curry, and Sarah Curry in her own right, v. City of Erie. Before MITCHELL, C. J., DEAN, BROWN, MESTREZAT and THOMPSON, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WALLING, P. J.

At the trial it appeared that on June 28, 1900, shortly after one o'clock in the afternoon, plaintiff, while riding her bicycle home from school, was thrown from her wheel by a depression in an asphalt pavement, and seriously injured. The depression was caused by the subsidence of the foundation so that the surface of the asphalt had sunk, but was not broken. There was evidence that the defect was not noticeable until the rider came near to it. Plaintiff had no knowledge of the defect.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $3,308. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

284　　　　　　　`CURRY v. ERIE CITY, Appellant.

*William G. Crosby*, city solicitor, for appellant.

*T. A. Lamb*, with him *J. W. Sproul*, for appellee.

PER CURIAM, May 23, 1904:

The only question in this case is on the contributory negligence of the plaintiff in riding her bicycle into a hole in the street without properly looking where she was going. But though called by most of the witnesses a hole, the defect was rather a depression caused by the subsidence of the foundation so that the surface of the asphalt had sunk but was not broken, and there was testimony that the defect was not noticeable until the rider came near it. Under such circumstances the question of negligence was for the jury.

Judgment affirmed.