## Brown *v.* Milligan, Appellant.

*Negligence—Sidewalk—Contributory negligence—Evidence.*

In an action by a woman against the owner of a store to recover damages for personal injuries, the plaintiff testified that she stepped into a hole in the pavement about six inches from the door sill of the defendant's store in which she had been buying goods. She was carrying a market basket filled with groceries on one arm, and under the other she had a package of dry goods. There were boxes and barrels on one side of the door, and a display of goods on the other. A young man who waited upon plaintiff in the store came out in advance of her

carrying a sack of flour which she had just purchased from him. Plaintiff expected to meet her son, and as she left the store she looked up to see whether he was coming down the street. Plaintiff was severely injured by the fall. The accident occurred between two and three o'clock of an August afternoon. Plaintiff gave as an explanation why she failed to see the hole as she entered the store, that she met a lady coming out whose dress skirt covered the hole so that plaintiff was unable to see it. The hole had been in the pavement for several weeks, and had been caused by the defendant's employees taking heavy barrels and boxes out on the pavement in such a manner that they had broken the pavement and caused the hole. *Held*, that the case was for the jury and that a verdict and judgment for plaintiff should be sustained.

Submitted Dec. 4, 1906.    Appeal, No. 234, Oct. T., 1905, by defendant, from judgment of C. P. No. 4, Phila. Co., June T., 1904, No. 3,527, on verdict for plaintiff in case of James Brown and Jane Brown v. Robert J. Milligan.    Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.    Affirmed.

Trespass to recover damages for personal injuries.    Before AUDENREID, J.

The facts are stated in the opinion of the Superior Court.

Verdict for James Brown for $68.00 and for Jane Brown $96.00.

*Thomas Earle White,* of *White, White & Taulane,* for appellant.—Plaintiff was guilty of contributory negligence : Robb v. Connellsville Borough, 137 Pa. 42 ; Shallcross v. Philadelphia, 187 Pa. 143 ; Easton v. Philadelphia, 26 Pa. Superior Ct. 517 ; Sickels v. Philadelphia, 209 Pa. 113.

*Arthur B. Eaton,* for appellee.—The jury, by their verdict for the plaintiff, have settled the question of this defendant's negligence, and the contributory negligence of plaintiff in favor of plaintiff : Mintzer v. Hogg, 192 Pa. 137.

The plaintiff had a right, under the law, to assume that a pavement right in front of a well-patronized store would be a safe place to step : Bruch v. Philadelphia, 181 Pa. 588 ; Musselman v. Hatfield Borough, 202 Pa. 489; Glading v. Philadelphia, 202 Pa. 324 ; Butcher v. Philadelphia, 202 Pa. 1; Feather v. City of Reading, 155 Pa. 187.

In this case, when the plaintiff stepped from the doorway on to the pavement into the hole, she had a large market basket filled with groceries on her right arm, and a bundle of dry goods under her left arm, and the clerk was just ahead of her: Nicholson v. Philadelphia, 194 Pa. 460.

There was nothing about the condition of this pavement to have required the plaintiff to use extraordinary vigilance: Graham v. City of Philadelphia, 19 Pa. Superior Ct. 292 ; Snader v. Murphy, 19 Pa. Superior Ct. 35.

There was nothing about the condition of this pavement to indicate to this plaintiff that to step from the doorstep on to the pavement would be attended by any danger: Iseminger v. Water, etc., Co., 206 Pa. 591.

The plaintiff did not see the hole, and had no knowledge that such a condition existed, and had a right, under the law, to assume that it would be safe for her to step where she did: Curry v. City of Erie, 209 Pa. 283 ; Kirchner v. Smith, 207 Pa. 431 ; McHugh v. Kerr, 208 Pa. 225 ; Wible v. City of Philadelphia, 21 Pa. Superior Ct. 486 ; Carson v. Mackin, 23 Pa. Superior Ct. 50 ; Becker v. City of Philadelphia, 212 Pa. 379.

OPINION BY MORRISON, March 5, 1907 :

On August 2, 1902, between two and three o'clock in the afternoon, Mrs. Brown, one of the plaintiffs, was coming out of a store at the corner of Forty-third street and Lancaster avenue in Philadelphia and, as she alleges, stepped into a hole in the pavement about six inches from the door sill of the said store in which she had been buying goods. She was carrying a market basket filled with groceries on one arm and under the other arm she had a package of dry goods. She had bought the groceries in the defendant's store, in stepping out of which onto the sidewalk she fell. There were boxes and barrels on one side of the door of the store and a display of goods on the other side. A young man who waited upon her in the store came out in advance of her carrying a sack of flour which she had just purchased from him. The young man, Grau by name, was an employee of the defendant. Mrs. Brown says she expected her son to meet her and as she left the store she looked up to see whether he was coming down Forty-third street. The fall injured her ankle, and she suffered pain and loss of time

and her husband lost her services for a time and incurred doctor's bill and other expenses.

This action in trespass was brought for the recovery of damages resulting from the said accident to Mrs. Brown. The jury found a verdict in favor of James Brown for $68.00, and in favor of Jane Brown for $96.00. Judgment being entered on said verdicts, the defendant appealed.

The action in favor of the husband and wife, and the verdicts and judgment are in due form : Act of May 8, 1895, P. L. 54; Milliren v. Sandy Township, 29 Pa. Superior Ct. 580.

The controlling questions are : (a) the negligence of the defendant; (b) the contributory negligence of Mrs. Brown. There is no question raised as to the measure of damages. As to the negligence of the defendant it is practically conceded that there was sufficient evidence from which the jury could find that the character and location of the hole in the pavement was such as to warrant a finding that the defendant was guilty of negligence. The evidence further shows that this hole had been there for several weeks and that it had been caused by the defendant's employees taking heavy barrels and boxes out on the pavement in such a manner that they had broken the pavement and caused the said hole. Therefore, the jury could find that the defendant had constructive notice of this unsafe place, within a few inches of the door sill of his store.

The contention on the part of the learned counsel for the appellant is that Mrs. Brown was guilty of contributory negligence and that the court ought to have given a binding instruction in favor of the defendant. In support of this contention it is argued that the accident happened in broad daylight and that if Mrs. Brown had been looking where she was going, as she ought to have done, she could have and undoubtedly would have seen this hole, and she would have been bound to avoid it. In support of this contention the counsel cites Robb v. Connellsville Borough, 137 Pa. 42; Shallcross v. City of Philadelphia, 187 Pa. 143; Easton v. Philadelphia, 26 Pa. Superior Ct. 517, and Sickels v. Phila., 209 Pa. 113. In the latter case the trial judge in entering a nonsuit said : " This accident happened in broad daylight; there was nothing at all to interfere with the plaintiff's seeing precisely where she was going. Every pedestrian using the streets of Philadelphia is

obliged to use his eyes for his own protection. The plaintiff did not do that and is therefore nonsuited." This ruling of the court was affirmed by the Supreme Court.

It may be conceded that the question of whether Mrs. Brown was guilty of contributory negligence is a close one, but in our opinion, it does not fall within the class of cases controlled by the authorities above cited.

The defendant was a merchant carrying on a large business and he invited people to enter his store and go out of it over the defective pavement. The location of the hole within six inches of the door sill would, manifestly, make it less conspicuous than if it had been out in the pavement where people were accustomed to walk up and down the street. Mrs. Brown gives a reasonable explanation of why she failed to see this hole when she entered the store. She says she met a lady coming out whose dress skirt covered this hole so that she (Mrs. Brown) was unable to see it. It is in evidence that hundreds of persons passed in and out of the store in a single day. It is also in evidence that this hole had been covered with a piece of board for some time, but it was not there at the time of the accident. Mrs. Brown entered the store to make purchases and she was well loaded with goods when she passed out of the store and met with the accident. She was immediately preceded by an employee of the defendant who was carrying her sack of flour, which she had just purchased, with other goods, from the defendant's store. We think she had a right to assume that the entrance to the store was in a reasonably safe condition, and it is not likely that anyone would critically inspect the doorway and the pavement immediately connected therewith, either in going in or out of the store. A person turning from the main pavement to enter a store would naturally look at the door, or, if it was open, look into the store.

In a sense, Mrs. Brown may be said to have been in the care of the defendant and his servants while in the store, and while going therefrom. Especially is this so as she was closely following a servant of the defendant when the accident happened. The jury was entitled to draw the inference, from this circumstance, that she was not required to carefully inspect the pavement within a few inches of the door sill. This for the reason that the conduct of the defendant's servant was practically

equivalent to saying to her, I will carry your flour out and you follow me and you will be safe.

It is argued that she was guilty of contributory negligence in looking for her son whom she expected to meet, as she stepped out of the doorway. Possibly this was careless, but it seems to us that it is probably what ninety-nine of every hundred persons would do in similar circumstances. She was heavily loaded with goods, and was looking for her son to relieve her, and as she was following a man who was perfectly familiar with the conditions, it cannot be said, as a matter of law, that she was guilty of contributory negligence. Moreover, it cannot be said, like in Sickels v. Phila, 209 Pa. 113 : "There was nothing at all to interfere with the plaintiff's seeing precisely where she was going." This woman had much to interfere with her seeing this hole in the pavement at that particular time. We think, under all of the evidence, her contributory negligence was a question for the jury.

The learned court below said to the jury : " Mrs. Brown was bound to do what any person of good ordinary common sense would have done as she stepped from Mr. Milligan's store down to the pavement in front of it. . . . Let me make that plain. If Mrs. Brown by her own negligence contributed to bring about that which happened to her, your verdict ought to be in favor of the defendant, Mr. Milligan."

In Mintzer v. Hogg, 192 Pa. 137, Mr. Justice STERRETT said : " In affirming their fourth point, he properly instructed the jury in the words thereof thus : ' A person walking along the highway is required to exercise a reasonable watchfulness over his feet, and if the jury believe that this plaintiff, at the time of the accident, did not exercise such watchfulness, she cannot recover.'

" Viewed in the light of this instruction, the verdict in plaintiff's favor necessarily implies a finding by the jury that she did exercise such ' reasonable watchfulness,' in walking on the pavement in front of defendant's house on the east side of York street,—the point at which she was injured,—and hence she was not guilty of contributory negligence."

We think the plaintiff had a right to assume that a pavement, within a few inches of the door of a well patronized store, would be a safe place to walk.

In Bruch v. City of Phila., 181 Pa. 588, Mr. Justice DEAN, in reversing the court below for holding the plaintiff guilty of contributory negligence, said : " But the public walking on the pavements of a large city are not bound to exercise extraordinary care ; care according to the circumstances is all that the law enjoins.    They have the right to assume that the pavements are reasonably safe, and that they, by the ordinary use of their eyes, at an ordinary pace, can safely walk on them."

In Musselman v. Hatfield Borough, 202 Pa. 489, Mr. Justice DEAN said : " Where the risk is not obvious, it becomes a question of fact for the determination of the jury whether there was contributory negligence."    See also Glading v. Phila., 202 Pa. 324.

In Butcher v. Phila., 202 Pa. 1, Mr. Justice MESTREZAT, reversing the.court below for refusing to take off the compulsory nonsuit, said: " The fact that she passed over a sidewalk having a defect in it which she did not observe is not, as a matter of law, to be declared negligence in an action for an injury subsequently occasioned by the defect.    The question here is as to the plaintiff's negligence at the time she fell.    At that time her duty was reasonable care under the circumstances. If in passing the place that afternoon she had gained knowledge of the imperfect condition of the pavement and with that knowledge, by reasonable care, could have avoided the hole, then she would be guilty of negligence if she failed to do so.    This is the only way she can be affected in this case by having used the walk on the prior occasion.    Such information as she then obtained as to the condition of the street she must use, or, failing to do so, be charged with negligence."    See Feather v. City of Reading, 155 Pa. 187, where it was held proper to submit the question of the defendant's negligence and the plaintiff's contributory negligence to the jury.

In Nicholson v. Phila., 194 Pa. 460, where the court below refused to give binding instructions and submitted the questions of negligence and contributory negligence to the jury, the Supreme Court in affirming the judgment said : " It was also in evidence that the plaintiff was incumbered with various articles in her hands and arms at the moment of the accident, being engaged in moving from her former residence to another.    In these circumstances she could scarcely be expected

to keep up so careful a lookout for defects in the pavement as an ordinary foot passenger entirely unincumbered. In view of these special facts in the situation it was the duty of the court to leave the question of contributory negligence to the jury." See also Graham v. Phila., 19 Pa. Superior Ct. 292, opinion by RICE, P. J.; also Snader v. Murphy, 19 Pa. Superior Ct. 35.

Iseminger v. Water, etc., Co., 206 Pa. 591, is a case much like the one at bar. The court below entered a nonsuit. In reversing the judgment Mr. Justice FELL said: " The exceptional facts may make the case a close one, and place it near the border line, but as there was at least a doubt whether the plaintiff exercised ordinary care under the circumstances, the question was for the jury. It is only in clear cases where the facts and the inferences to be drawn from them are free from doubt that the court is warranted in saying that there was contributory negligence." See also same case, 209 Pa. 615, where Mr. Justice POTTER said : " The exceptional facts may make the case a close one, and place it near the border line, but as there was at least a doubt whether the plaintiff exercised ordinary care under the circumstances, the question was for the jury."

In Curry v. Erie City, 209 Pa. 283, we find a close case as to the contributory negligence of the plaintiff. The court below submitted the case to the jury and there was a recovery for plaintiff for $3,308. In affirming the judgment the Supreme Court held that the question of the contributory negligence of the plaintiff was for the jury.

McHugh v. Kerr, 208 Pa. 225, is another very close case on the question of contributory negligence of the plaintiff, but the Supreme Court affirmed the court below in submitting it to the jury. See also Becker v. Phila., 212 Pa. 379.

While the case at bar is close to the border line as to the contributory negligence of Mrs. Brown, we are clearly of the opinion that it does not fall within the class of cases where the court can declare, as a matter of law, that she was guilty of contributory negligence. It is conceded that if the case had to go to a jury, it was fairly and properly submitted by the court.

The assignments of error are dismissed and the judgment is affirmed.