# Ford *v.* Philadelphia, Appellant.

*Municipalities—Sidewalks—Light   well—Contributory   negligence—Question for jury.*

1. The reasonable care which the law exacts of all persons in whatever they do, involving the risk of injury, requires travelers on the footways of public streets to look where they are going, but this does not necessarily imply that the pedestrian must keep his eyes constantly and at every moment upon the pavement.  If there is a conflict of testimony or, for any cause, there is a reasonable doubt as to the facts, or as to the inferences to be drawn from the facts established by the evidence, the contributory negligence of the pedestrian is a question for the jury.

2. In an action by a woman against a city to recover damages for personal injuries caused by falling into a unguarded light well extending in a sidewalk from ten to eighteen inches from the house line, the case is for the jury, where the evidence shows that the accident occurred at night; that the sidewalk was eight feet wide, but that about one-third of the walking space was taken up by Belgian blocks piled on the curbed side; that at the time of the accident, and at the point where it occurred, a crowd of people were going from a neighboring church; and the plaintiff's testimony is in effect that she did not think that she could have seen the hole even if she had looked down.

3. In such a case the court could not instruct the jury that the light well in question, unguarded as it was, was a lawful construction, and that that city was not liable for permitting it to be maintained in the highway.

Argued Oct. 21, 1910.   Appeal, No. 159, Oct. T., 1910, by defendant, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1906, No. 3,477, on verdict for plaintiff in case of Alfred P. Ford and Matilda F. Ford, his wife, v. City of Philadelphia.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Affirmed.

Trespass to recover damages for personal injuries.   Before AUDENRIED, J.

The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for Alfred P. Ford for $150 and for Matilda F. Ford for $350.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Charles E. Bartlett*, assistant city solicitor, with him *J. Howard Gendell*, city solicitor, for appellant.—The case is ruled by King v. Thompson, 87 Pa. 365, and by Stackhouse v. Vendig, 166 Pa. 582: Lumis v. Traction Co., 181 Pa. 268; Canavan v. Oil City, 183 Pa. 611; Stewart v. Jermon, 5 Pa. Superior Ct. 609; Mason v. Phila., 205 Pa. 177; Com. v. Kembel, 30 Pa. Superior Ct. 199; McIlhenney v. Phila., 214 Pa. 44; Dwyer v. Boro., 216 Pa. 22; Lautenbacher v. Phila., 217 Pa. 318; Tolan v. Phila., 35 Pa. Superior Ct. 311; Lerner v. Phila., 221 Pa. 294.

*Henry J. Scott*, for appellee.—The case was for the jury: Feather v. Reading, 155 Pa. 187; Shaffer v. Harmony Borough, 204 Pa. 339; Jordan v. Philadelphia, 29 Pa. Superior Ct. 502; Butcher v. Philadelphia, 202 Pa. 1; McHugh v. Kerr, 208 Pa. 225; Bruch v. Philadelphia, 181 Pa. 588.

OPINION BY RICE, P. J., March 3, 1911:

The plaintiff was walking on the east side of Twenty-second street, toward Delancey street, and had almost passed a bay window projecting three feet from the house line on Twenty-second street, when she turned and went back to get her daughter, who had lingered behind. Having repassed the window, she turned in close to the house wall in order to avoid a crowd of people going from church, and, after proceeding a foot or two, stepped into the light well of a basement window, fell and was injured. According to the varying testimony of the witnesses, this light well extended from two and one half to three feet along the house line, from ten to eighteen inches out into the sidewalk, and was from one to three feet deep. It was not guarded by a grating or otherwise. The sidewalk was eight feet wide, but about one-third of the walking space was taken up by Belgian blocks piled on the curb side.

The time of the occurrence was about 10:00 P. M. There was an electric street light at the corner thirty feet distant, but, according to the testimony adduced by the plaintiff, which is all we need notice in determining the questions raised by the assignments of error, there was no light either in the basement window or in the bay window or elsewhere in the house front, the place where she was walking was a dark place anyhow, and was made more so by the pile of Belgian blocks and the crowd of people passing. As to her knowledge of the light-well, she testified that she had walked along the street many times and may have seen it, but she took no particular notice of it. She testified further that she looked right ahead to see where she was going, and, being asked whether if she had looked down she could have seen this place, she answered that she did not think she could.

In Robb v. Connellsville Borough, 137 Pa. 42, a leading case, it is said that the reasonable care which the law exacts of all persons, in whatever they do involving the risk of injury, requires travelers on the footways of public streets to look where they are going. This is imperative; but, as was said in that case, as well as others since, this does not necessarily imply that the pedestrian must keep his eyes constantly and at every moment upon the pavement. The thought is clearly expressed in the late case of Lerner v. Philadelphia, 221 Pa. 294: "One is not required in walking along a traveled highway, to keep his eyes fastened upon the ground continually to discover points of possible danger; nor is it necessary that he should in order to avoid exposed pitfalls lying directly in the path before him; but the law does require that he be observant of where and how he is going so as to avoid dangers which ordinary prudence would disclose." We recognize the principle, that it is in vain for one to say that he looked and did not see, when, if he had looked, he must have seen, and that in such a case it is not the duty of the court to submit to the jury the question whether he looked and failed to see the danger. But, as has been repeatedly de-

clared, this rule is only applicable to clear cases, to those which practically admit of only one view.   Wherever there is a conflict of testimony or, for any cause, there is a reasonable doubt as to the facts or as to the inferences to be drawn from the facts established by the evidence, contributory negligence is a question for the jury.   This distinguishing principle has been applied in a multitude of cases in which the general principle enunciated in Robb v. Connellsville Borough 137 Pa. 42 has been recognized.   We need only cite as illustrative cases: Butcher v. Phila., 202 Pa. 1; McHugh v. Kerr, 208 Pa. 225; Graham v. Phila., 19 Pa. Superior Ct. 292; Brown v. Milligan, 33 Pa. Superior Ct. 244. This is such a case.   Whether or not the plaintiff knew or ought to have known beforehand of the existence of the hole, and, if not, whether the conditions were such that ordinary prudence required her to look down to the pavement at her feet, and, if she had done so, whether she would have seen the dangerous condition, were questions for the jury.   But it is urged that she was guilty of an act contrary to ordinary prudence in walking so near the house line, and this remark of PAXSON, J., in King v. Thompson, 87 Pa. 365, is cited in support of this contention: "No prudent person walks within sixteen inches of the houses when passing over the sidewalks of a city."   This may be true ordinarily, and particularly under such circumstances as were presented in that case.   But here one-third of the pavement was shut off from use by pedestrians by the pile of Belgian blocks, and the remaining space was taken up by the crowd of people going from church.   Certainly it cannot be declared as a matter of law that the plaintiff was guilty of contributory negligence in not waiting for the street to become clear before going for her child; and if necessity or great convenience impelled her to go around the crowd, instead of pushing her way through it, it is not at all clear that she did not pursue the more prudent course.   Although the place where she attempted to walk was close to the house line, yet it was part of the highway set apart for use of pedestrians, and we cannot regard the

case cited as establishing an inexorable rule, applicable without regard to the circumstances, that one who uses that part of the pavement is guilty of negligence. The remark of Justice PAXSON must be read in connection with the facts of that case, which were quite different from those presented in the case at bar.

It is argued that this light well was a lawful construction and therefore the court should have declared, as a matter of law, that the city was not liable for permitting it to be maintained in the highway. Counsel cite King v. Thompson, as ruling the question. There the court was asked to affirm a point which read: "If the jury find that the area in front of the cellar window was such as was usual and customary in the city of Allegheny for lighting and ventilating cellars, and reasonably necessary for those purposes, then the defendant is not guilty of negligence or nuisance in maintaining it." It was held that the court ought to have affirmed the point. The effect of doing so would have been to submit to the jury the questions of fact; first, whether the opening was such as was usual and customary in that city; and, second, whether it was reasonably necessary for the purpose of lighting and ventilating the defendant's cellar. This fell far short of deciding that if there be evidence of those facts the question should be withdrawn from the jury and decided by the court as a matter of law; much less that even though there be no evidence of these facts it is still the duty of the court to declare that such an opening in the highway is lawful. In determining whether a conclusion of law in any adjudicated case is a precedent in a subsequent one, the value of the first, usually, is measured by its similarity or dissimilarity to the second in its controlling facts: Yoders v. Amwell Twp., 172 Pa. 447. Keeping this familiar principle in mind, it needs no argument to show that King v. Thompson 87 Pa. 365, would not have sustained binding directions in favor of the defendant. Reliance is placed upon secs. 11, 12, and 13 of an ordinance of the city of Philadelphia, adopted in September, 1864. Section 11 of that

ordinance relates wholly to cellar doors, porches and steps, and has no application to such an opening as is disclosed by the evidence in this case. Section 12 is equally inapplicable. Section 13 declares that it shall be a nuisance "to excavate or construct hereafter any area or other encroachment on any footway of the city, except as herein allowed, providing that this section shall not apply to the planting of trees or enclosing trees in boxes or stepping-stones or hitching-posts." We fail to see how this ordinance by its terms expressly permits such an opening in the highway as is described here. Without going into an elaborate discussion of the lawfulness of making such an opening in the highway for the purposes of light and ventilation, certainly it cannot be contended that this can be done without guarding it in any way. It does not appear from the testimony in the case that such openings are customary and usual in the city of Philadelphia, and it is apparent, without argument, that, if they are, it is perfectly feasible to guard them by grating or otherwise in such a way that pedestrians will not inadvertently fall into them and be injured. In no view of the case would the court have been warranted in instructing the jury that the opening was a lawful and nonnegligent encroachment upon the highway.

The judgment is affirmed.