## Webb *v.* Philadelphia, Appellant.

*Negligence—Municipality—Sidewalk—Unguarded area way.*

In an action against a city to recover damages for personal injuries, it appeared that the plaintiff fell into an open, unguarded area way in which there were steps leading to a door that opened into the basement of a dwelling house. This door was under the front steps that were six feet high and extended six feet three inches into the pavement. The area way extended from the house line three feet into the pavement and was three feet four inches in length. The pavement was sixteen feet in width, and the clear space between the foot of the steps and the curb was nine feet, nine inches. The street was in a thickly populated part of the city and was much frequented. The accident happened at night. The plaintiff, who had no knowledge of the open area way, and who had occasion to wait on the street, went to the side of the front steps of the house to secure protection from the wind and after standing there a short time, stepped further back and fell. *Held*, that the case was for the jury and that a verdict and judgment for plaintiff should be sustained.

Argued Jan. 13, 1911. Appeal, No. 212, Jan. T., 1910, by defendant, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1907, No. 4,983, on verdict for plaintiff in case of Sarah D. Webb v. City of Philadelphia. Before FELL,

C. J., Brown, Mestrezat, Potter, Elkin, Stewart and Moschzisker, JJ.  Affirmed.

Trespass to recover damages for personal injuries.  Before Audenried, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $2,850.  Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*James Alcorn*, city solicitor, with him *Charles E. Bartlett*, assistant city solicitor, for appellant, cited: King v. Thompson, 87 Pa. 365; Stackhouse v. Vendig, 166 Pa. 582; Martin v. Williamsport, 208 Pa. 590; Guinter v. Williamsport, 208 Pa. 587; Mason v. Phila., 205 Pa. 177; White v. Phila., 223 Pa. 563; Kelly v. Bennett, 132 Pa. 218; McIlhenney v. Phila., 214 Pa. 44; Tolan v. Phila., 35 Pa. Superior Ct. 311; Lerner v. Phila., 221 Pa. 294; Rothacker v. Phila., 42 Pa. Superior Ct. 408.

*J. Morris Yeakle*, for appellee, cited: Gillard v. Chester, 212 Pa. 338; Beatty v. Gilmore, 16 Pa. 463; Simons v. Thompson, 2 W. N. C. 209; Fox v. Booth, 1 W. N. C. 177; McHugh v. Kerr, 208 Pa. 225; Feather v. Reading, 155 Pa. 187; Reading v. Reiner, 167 Pa. 41; Musick v. Latrobe Borough, 184 Pa. 375; McNerney v. Reading, 150 Pa. 611; Bacon v. Boston, 57 Mass. 174; Temperance Hall Assn. v. Giles, 33 N. J. L. 260.

Per Curiam, March 20, 1911:

The plaintiff fell into an open, unguarded area way, in which there were steps leading to a door that opened into the basement of a dwelling house.  This door was under the front steps that were six feet high and extended six feet three inches into the pavement.  The area way ex-tended from the house line three feet into the pavement

and was three feet four inches in length. The pavement was sixteen feet in width, and the clear space between the foot of the steps and the curb was nine feet nine inches. The street was in a thickly populated part of the city and was much frequented. The accident happened at night. The plaintiff, who had no knowledge of the open area, and who had occasion to wait on the street, went to the side of the front steps of the house to secure protection from the wind and after standing there a short time, stepped further back and fell. The case was submitted to the jury with great care to determine whether the street was reasonably safe for the use of foot passengers who paid reasonable attention to where they were going. The only question to be considered is whether a verdict should have been directed for the city, because of the failure to prove negligence.

The case is a close one, differing somewhat from the class of cases in which we have held that the city is not negligent in permitting the maintenance of a narrow open space in a pavement, close to the house line, for the admission of light and air, of which King v. Thompson, 87 Pa. 365, is an example; on the other hand, it is scarcely distinguishable in its facts from Feather v. Reading, 155 Pa. 187, in which the municipality was held liable, where the plaintiff was not making an ordinary use of the pavement, as a pedestrian, but fell into an open area way at the side of the steps on which she had been sitting. The members of the court who heard the argument are not agreed on the question of the city's negligence, but the majority are of opinion that the judgment should be affirmed.

The judgment is affirmed.