## Iseminger, Appellants, v. York Haven Water & Power Company.

*Negligence—Hole in sidewalk—Contributory negligence—Province of court and jury.*

Persons walking on city streets are bound to use their eyes and watch where they are going, and failure to do so will defeat a recovery for injuries, that could have been avoided by the exercise of this reasonable care.

| | |
|---|---|
| 206 | 591 |
| 209 | [1]115 |
| 24 SC | [2]335 |
| e 26 SC | [3]240 |
| 26 SC | [1]520 |
| 206 | 591 |
| f216 | [3]328 |
| c 23 SC | [2]251 |
| 206 | 591 |
| 220 | [2]196 |
| d 35 SC | [1]316 |
| 206 | 591 |
| 38SC | [3]619 |
| 206 | 591 |
| 225 | [3]255 |

## 592 ISEMINGER, Appellants, *v.* YORK HAVEN W. & P. CO.

In an action against a water company to recover damages for personal injuries, it appeared that the plaintiff, a woman, was injured by falling into a hole twenty-four inches in diameter and six feet deep, that had been dug in the pavement of a city street by direction of the defendant. The hole was located almost directly in front of steps that led to the office of a cold storage house, and twenty inches of its diameter were in the sidewalk. In digging the dirt had been thrown into the street and there was nothing on the surface of the pavement to indicate that the hole was there. It was dug in the morning and left unguarded; the accident occurred in the middle of the afternoon. At this part of the street the distance between the curb and the building line was ten feet, but of this space only four feet nearest the curb line were paved. On the remaining space was a grass plot extending from the west end of the storage house to the office steps, crossed near the middle by a walk leading from the pavement to the engine room. The plaintiff and another woman went together to the storage house on business. They came on the street by way of an alley at the west end of the building, but turned to the east before they reached the pavement and walked on the grass plot to the engine room door. They saw the engineer sitting on the office steps, and walked on to the end of the plot to the paved way leading from the steps to the pavement. Here they stood a short time facing the building and talking to the engineer. Then they turned to the right to go further east on the pavement. In turning the plaintiff took one step backward and sideways, and fell into the hole. Both women wore sunbonnets, which obstructed a side view. Neither of them had seen the hole, nor anything that would indicate that the pavement was unsafe. *Held* (1) that it was for the jury to say whether the plaintiff was guilty of contributory negligence in taking the step backward without first looking behind her ; (2) that it was for the jury to determine whether the defendant was negligent in leaving the hole unguarded.

It is only in clear cases where the facts and the inferences to be drawn from them are free from doubt that the court is warranted in saying that there was contributory negligence.

Argued May 18, 1903. Appeal, No. 30, Jan. T., 1903, by plaintiff; from order of C. P. York Co., Aug. T., 1902, No. 117, refusing to take off nonsuit in case of Almira F. Iseminger and Charles E. Iseminger v. York Haven Water & Power Company. Before MITCHELL, DEAN, FELL, BROWN and POTTER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before BITTENGER, P. J.

The circumstances of the accident are stated in the opinoin of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*Charles A. Hawkins,* of *Black & Hawkins,* with him *W. B. Gemmill,* for appellants, cited: Fee v. Columbus Borough, 168 Pa. 382; Wood v. Bridgeport Boro., 143 Pa. 167; Philadephia v. Smith, 23 W. N. C. 242; Feather v. Reading, 155 Pa. 187; Bruch v. Philadelphia, 181 Pa. 588; Strader v. Monroe County, 202 Pa. 626; Fox v. Booth, 22 Pitts. Legal Jour. 117; Harrison v. Collins, 86 Pa. 153; Butcher v. Philadelphia, 202 Pa. 1; Houston v. Traphagen, 47 N. J. L. 23; Polenske v. Lit Bros., 18 Pa. Superior Ct. 474; Engel v. Smith, 82 Mich. 1 (46 N. W. Repr. 21).

*Nevin M. Wanner,* with him *Niles & Neff,* for appellees, cited: Stackhouse v. Vendig & Co., 166 Pa. 582; King v. Thompson, 87 Pa. 365; Farley v. Phila. Traction Co., 132 Pa. 58; City of Phila. v. Smith, 23 W. N. C. 242; Barnes v. Sowden, 119 Pa. 53; Haven v. Bridge Co., 151 Pa. 620; Shallcross v. Phila., 187 Pa. 143.

OPINION BY MR. JUSTICE FELL, July 9, 1903:

The plaintiff, Elmira F. Iseminger, was injured by falling into a hole twenty-four inches in diameter and six feet deep, that had been dug in the pavement of a city street by direction of the defendant. The hole was located almost directly in front of steps that led to the office of a cold storage house, and twenty inches of its diameter were in the sidewalk. In digging the dirt had been thrown into the street and there was nothing on the surface of the pavement to indicate that the hole was there. It was dug in the morning and left unguarded; the accident occurred in the middle of the afternoon. At this part of the street the distance between the curb and the building line was ten feet, but of this space only four feet nearest the curb line was paved. On the remaining space was a grass plot extending from the west end of the storage house to the office steps, crossed near the middle by a walk leading from the pavement to the engine room. The plaintiff and another woman went together to the storage house on business. They came on the street by way of an alley at the west end of the building, but turned to the east before they

reached the pavement and walked on the grass plot to the engine room door. They saw the engineer sitting on the office steps, and walked on to the end of the plot to the paved way leading from the steps to the pavement. Here they stood a short time facing the building and talking to the engineer. Then they turned to the right to go further east on the pavement. In turning the plaintiff took one step backward and sideways, and fell into the hole. Both women wore sunbonnets, which obstructed a side view. Neither of them had seen the hole, nor anything that would indicate that the pavement was unsafe.

The question raised by this appeal is whether on this state of facts the court was right in entering a nonsuit on the ground of contributory negligence. We are not disposed to relax the rule, repeatedly stated, that persons walking on city streets are bound to use their eyes and watch where they are going, and that failure to do this will defeat a recovery for injuries that could have been avoided by the exercise of this reasonable care. But was there a failure in this case on the part of the plaintiff to exercise the care that the law exacts? There was no negligence in her failure to see the hole before she reached the place in which she stood while talking to the engineer. She had not been on the pavement and had not intended going on it, and there was no occasion for her looking for an obstruction of any kind and nothing to attract her attention to the hole. As she was walking across the grass plot, she looked first towards the door of the engine room, and afterwards towards the office steps, but at no time towards the pavement. When she reached the end of the plot, she stepped on the open space about four feet square at the foot of the office steps, which were directly in front of her. Up to this time the hole had not been in the direct line of her walk nor of her vision. As she turned to the right to leave, she naturally, in order to make room for her companion who was standing at her left, took a step backwards and to one side, and thus placed her foot in the hole, which extended nearly half way across the pavement. Can it be said as matter of law that she was negligent in taking this step backward without first looking behind her? The final analysis of the case brings it down to this point. She undoubtedly took the risk of or-

dinary inequalities in the surface of the pavement and of slight obstructions which are to be expected and must be looked for, and if she had walked on the pavement she might be held to have been negligent in not seeing the hole. But without fault on her part she was exposed to an unusual and unforeseen danger which she could avoid only by turning around and looking before taking a step. The exceptional facts may make the case a close one, and place it near the border line, but as there was at least a doubt whether the plaintiff exercised ordinary care under the circumstances, the question was for the jury. It is only in clear cases where the facts and the inferences to be drawn from them are free from doubt that the court is warranted in saying that there was contributory negligence.

The question whether the defendant was negligent in leaving the hole unguarded was considered but not passed upon at the trial. That question, we think, was also for the jury.

The judgment is reversed with a procedendo.