## McLane *v.* Bell Telephone Company of Pennsylvania, Appellant.

Argued April 29, 1937.

Before

KELLER, P. J., CUNNINGHAM, STADTFELD, PARKER, JAMES and RHODES, JJ.

*James M. Graham*, with him *Patterson, Crawford, Arensberg & Dunn*, for appellant.

*E. V. Buckley*, of *Margiotti, Pugliese, Evans & Buckley*, for appellee.

PER CURIAM, May 5, 1937:

The following extracts from the opinion of the learned trial judge, Judge EGAN, justify the affirmance of this judgment:

"The testimony of plaintiff and defendant showed negligence on the part of the defendant in lifting the cover of a manhole in the pavement of Center Avenue in the City of Pittsburgh. For a time the open hole was guarded by a circular iron guard several feet high, but a short time before the accident the defendant's employees removed the guard from the open hole and placed it to one side, several feet from the hole. At the time of the accident two employees were in the hole or station below, and another employee was in the street extinguishing a small furnace. The plaintiff fell into the open hole and received an injury to his left leg.

"The matter of plaintiff's contributory negligence offers the only real question. The accident happened in broad daylight and there were no physical obstruc-

tions to prevent the plaintiff's view of the open hole. He testified that a newsboy trying to sell him a paper walked along beside him for approximately twelve or fifteen feet with a paper held up in front of him, [the plaintiff], and that as the boy withdrew the paper he stepped into the hole. The trial judge instructed the jury that the plaintiff had the burden to show conditions outside of himself which prevented him from seeing the hole or which would excuse his failure to observe it. The question of plaintiff's contributory negligence was for the jury and not for the trial judge: *Tauber v. Wilkinsburg,* 309 Pa. 331, 334; *Miller v. Rosen,* 101 Pa. Superior 268."

To the cases cited by Judge EGAN may be added: *Iseminger v. York Haven Water & Power Co.,* 206 Pa. 591, 56 A. 66; *Mullin v. Welsbach Street Lighting Co.,* 318 Pa. 552, 179 A. 71; *Duvall v. City of New Castle,* 74 Pa. Superior Ct. 573, 575; *Powell v. Wilhelm,* 49 Pa. Superior Ct. 268.

We cannot hold, as a matter of law, that the plaintiff's testimony was too improbable to admit of belief. Its credibility was for the jury.

Judgment affirmed.