## Polenske *v.* Lit Brothers, Appellants.

*Negligence—Department store—Customer—Falling over obstruction in floor.*

In an action against the proprietors of a department store by a customer to recover damages for personal injuries, the case is for the jury and a verdict and judgment for plaintiff will be sustained, where the evidence tends to show that the plaintiff, a woman, who was lame, was walking along one of the level aisles of the store at a time when the aisle was somewhat crowded, and without looking, stumbled over a strip of wood beveled at the edges and arising at the highest point an inch or between an inch and two inches above the level, the strip being used as a covering for some small pipes leading to the soda water fountain.

Argued Oct. 21, 1901. Appeal, No. 163, Oct. T., 1901, by defendants, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1900, No. 161, on verdict for plaintiff in case of Frederika Polenske v. Lit Brothers, a Corporation. Before RICE P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass for personal injuries. Before WILLSON, J.

The facts are stated in the opinion of the Superior Court.

The court submitted the case to the jury.

Verdict and judgment for plaintiff for $700. Defendant appealed.

*Error assigned* was in submitting the case to the jury.

*Morton Z. Paul,* for appellants.—The case should not have been referred to the jury: Stackhouse v. Vendig & Co., 166 Pa. 582; King v. Thompson, 87 Pa. 365; Robb v. Connellsville Borough, 137 Pa. 42; Barnes v. Sowden, 119 Pa. 53; Buzby v. Phila. Traction Co., 126 Pa. 559.

Where the owner has set no trap, where the danger is one patent and visible, the visitor who comes to a house must share this danger in common with the members of the family: Larmore v. Crown Point Iron Co., 101 N. Y. 391; Ray on Negligence of Imposed Duties, 24, 25; Wharton on Negligence, sections 345–350.

A party is only answerable for negligence for omitting to provide against those dangers which might be reasonably expected to occur, such as might be foreseen by ordinary forecast: Carpenter v. Boston, etc., R. R. Co., 24 Hun, 104; Mars v. Del. & Hudson Canal Co., 61 N. Y. Sup. Ct. 625; Wall v. Lit, 195 Pa. 375; Mulvana v. The Anchoria, 77 Fed. Repr. 994; Larkin v. O'Neill, 119 N. Y. 221; Hart v. Grennell, 122 N. Y. 371.

*Charles H. Sayre,* for appellee.—The fact that the defendants conducted a general retail store, constituted an invitation to the public to enter their store for the purpose of transacting business therein; and it therefore became their duty to have the passageways free and clear of any obstruction or defect that might reasonably be expected to result in bodily injury to their customers. Persons entering their store had a right to assume that they had performed their duty in this regard: Wharton on Negligence, sec. 826; Allegheny v. Gillian, 30 P. L. J. 463; Woodruff v. Painter, 150 Pa. 91; Henricks v. Schuylkill Twp., 16 Pa. Superior Ct. 508.

The respective duties of the parties must depend upon the circumstances surrounding the accident: Devlin v. Beacon Light Co., 192 Pa. 188; Fee v. Columbus Borough, 168 Pa. 382; Nicholson v. Philadelphia, 194 Pa. 460; Hendricken v. Meadows, 154 Mass. 599.

The old, the lame, and the infirm are entitled to use the streets, and more care must be exercised towards them by engineers than towards those who have better powers of locomotion: Wharton on Negligence, secs. 301, 309, 389; O'Mara v. Hudson River R. R. Co., 38 N. Y. 445; Delaware & C. R. R. Co. v. Napheys, 90 Pa. 138; Sheridan v. Brooklyn City & C. R. R. Co., 36 N. Y. 39.

OPINION BY WILLIAM W. PORTER, J., December 2, 1901:

This is an action for damages for personal injuries. The appellant contends that the court below erred because it did not, as matter of law, hold that no negligence was shown on the part of the defendants and that there was contributory negligence shown on the part of the plaintiff. It follows that we must review some of the facts.

The defendants are proprietors of a large modern general

retail store, in the city of Philadelphia. Across one of the aisles or passageways some small pipes were laid upon the floor and covered over by a strip of wood, beveled at the edges and arising at the highest point an inch, or between an inch and two inches above the level of the floor. These small pipes were used in connection with the soda water fountain. The plaintiff was a dressmaker. She was in the store as a customer. In company with her sister she was passing along this aisle when she tripped or stumbled and fell over the obstruction above described. The injuries proven, resulted.

Whether the presence of the obstruction, as described by the plaintiff, upon the floor of the aisle of the store, constituted negligence was left to the jury. It must be conceded that the public, who are invited to visit such stores as that of the defendants, have a right to expect that the passageways will be kept cleared of unusual or dangerous obstructions : Woodruff v. Painter, 150 Pa. 95. For that which is usual or fairly to be anticipated, as a difference of levels in passing from floor to floor, or in entering from the street, the customer must be prepared. While in the aisles a duty is not imposed, as matter of law, upon every customer to keep his eyes fixed upon his feet and their placement, since his attention is challenged by, and diverted to, the goods which are exposed to view in order to induce purchase.

The appellant further contends that as the obstruction was visible the plaintiff is chargeable with contributory negligence for failing to look, or looking, failing to see. The plaintiff says that she was passing along the aisle or passageway, which was somewhat crowded as the hour for closing the store was approaching. She admits that she was not looking at the obstruction and explains that she did not expect it to be there ; that there was a good floor ; that she was walking straight along, intending to walk out. The defendants contend that as she admitted she was not looking, she should be charged with negligence. Negligence, as has been often said, is want of care under the circumstances. The circumstances here shown do not impose upon the court the obligation to determine, as matter of law, whether the plaintiff exercised due care. Upon the evidence it was clearly for the jury to pass upon this question. The woman, it is true, was lame, and her lameness may have im-

posed upon her greater care in respect to the use and placing of her feet. But opposed to this is the obligation of the defendants to anticipate the use of the store by persons having partially impaired powers of locomotion, just as for those incumbered with bundles, etc.: Nicholson v. Philadelphia, 194 Pa. 460. In the ruling of the court on both of the points raised by the defendants, we think it palpable that no error was committed.

The judgment is affirmed.