## Reid *v.* Linck, Appellant.

*Negligence—Unguarded elevator shaft—Province of court and jury—
Evidence.*

In an action against the owners of a store by a customer to recover
damages for injuries sustained by falling into an unguarded elevator shaft,
it appeared that on the day of the accident plaintiff went to the store to
purchase an article of which he had a sample.   He showed the sample
to a salesman, who after examining it said: "I think we have a piece like
that in the back room.   We will go and see."   He then turned and walked
into a storage room through which it was necessary to go to reach the
back room.   Plaintiff followed the salesman.   The room was so dark

that he lost sight of the salesman, but followed what he supposed to be the sound of his footsteps to the other end of the room, where he fell into the unguarded elevator shaft.   There was testimony that it was not unusual for customers of the store to walk through this room in order to reach the backroom.   *Held*, that the case was for the jury and that a judgment and verdict for plaintiff should be sustained.

In such a case where one of the defendants testified that he did not consider the place dangerous, it was not error to allow him to be asked on cross-examination whether other persons had not fallen down the elevator shaft before.   Such question was proper to show his knowledge of the dangers of the place, and to affect his credibility.

Argued March 17, 1903.   Appeal, No. 12, Jan. T., 1903, by defendants, from judgment of C. P. Lycoming Co., March T., 1902, No. 2, on verdict for plaintiff, in case of David Reid v. J. H. Linck, L. W. Tallman, S. Q. Mingle and A. W. King, executor of the Estate of H. B. Melick, Deceased, trading as the Williamsport Hardware & Stove Company.   Before MITCHELL, DEAN, FELL, BROWN and POTTER, JJ.   Affirmed.

Trespass to recover damages for personal injuries.   Before HART, P. J.

The facts appear by the opinion of the Supreme Court.

Defendant presented the following points:

1. That under all the evidence in the case the verdict of the jury must be for the defendant.   *Answer:* We refuse this point. [1]

4. If the jury find from all the evidence that Reid, the plaintiff, was not invited by J. H. Linck, the defendant, or his employees, to enter the oil or storage room, then J. H. Linck, the defendant, owed Reid, the plaintiff, no duty, and was not guilty of any negligence and the verdict of the jury must be for the defendant.   *Answer:* We answer that point as follows: If the jury find from the evidence that Reid, the plaintiff, was not invited to enter the oil or storage room, or that persons visiting the store on business were not in the habit of going into the said room, or likely to go therein, then J. H. Linck, the defendant, owed Reid, the plaintiff, no duty, and was not guilty of any negligence, and the verdict of the jury must be for the defendant. [2]

6. If the jury find from all the evidence that Reid was a man of ordinary sense, able to perceive that there was danger if he

proceeded along the floor to the north end of the oil or storage room, although he was unable to discern the particular character of the danger, and yet he elected to proceed in such a dangerous course, he was guilty of contributory negligence, and the verdict of the jury must be in favor of the defendant. *Answer:* It is for the jury to say, if they find the facts as in this point stated, whether the plaintiff was guilty of contributory negligence. If you find that he was negligent and that such negligence contributed to the injury which he sustained, then your verdict must be for the defendant. [3]

7. If the jury find from all the evidence that after Reid entered the oil room or storage room he found himself in a place requiring precaution, it then and there became the duty of Reid to take the course which he knew to be safe and return into the storeroom; and if the jury further find from all the evidence that Reid elected to take the questionable or dangerous course, knowing that there was a safe course open to him, then he is guilty of contributory negligence, cannot recover in this case, and the verdict of the jury must be in favor of the defendant and against the plaintiff. *Answer:* It is for the jury to say, if they find the facts as in this point stated, whether the plaintiff was guilty of contributory negligence. If you find that he was negligent, and that such negligence contributed to the injury which he sustained, then your verdict must be for the defendant. [4]

8. If the jury find from all the evidence that Reid followed Knapp into the elevator or storage room, that Reid lost Knapp, after such loss Reid found himself in a dark place without sufficient light to discern his path with safety, it then became Reid's duty, under such circumstances, not to proceed any further in his search for Knapp, but to step back into the storeroom by the safe course which he had come; and if Reid knowingly persisted in going forward in the darkness it was at his own risk, he was guilty of contributory negligence, cannot recover in this case, and the verdict of the jury must be for the defendant. *Answer:* It is for the jury to say, if they find the facts as in this point stated, whether the plaintiff was guilty of contributory negligence, and if you find that he was negligent and that such negligence contributed to the injury which he sustained, then your verdict must be for the defendant. [5]

9. However much the defendant may be at fault, if this plaintiff himself was guilty of negligence in going up the elevator or storage room with which he was not acquainted, and under the conditions which he described, to wit: where it was so dark he could not see Knapp, walked with cautious footsteps, touching the oil flasks as he went, along where he could not see for a distance of thirty feet, and if his negligence contributed in the slighest degree to the injury which he suffered, he cannot recover, and the verdict of the jury must be for the defendant. *Answer:* If the jury find the facts in this point stated, then it is for the jury to say whether such facts constitute negligence on the part of the plaintiff. With this qualification, this point is affirmed. [6]

10. Negligence is want of ordinary care which a party ought to observe under the peculiar circumstances under which he is placed; that Reid could not or did not foresee the consequences of his negligence does not exempt him from the liability therefor. *Answer:* Negligence is want of ordinary care which a party ought to observe under the peculiar circumstances under which he is placed. The fact of the plaintiff's negligence, assumed in this point, is a question for the jury under all the evidence. [7]

The court charged in part as follows:

[If you find that the elevator room, in which this elevator shaft was situated, was a room into which persons visiting that store on business might reasonably be expected to go, were invited to go, or were in the habit of going, it would then be the duty of the Williamsport Hardware & Stove Company to have so maintained and guarded it as to protect persons likely to pass into the room from falling or slipping therein, in the exercise of ordinary care on the part of such persons. Whether or not this was a room or place into which such persons visiting the store on business were likely to go, be invited to go, or were in the habit of going, is a question of fact for you to determine under all the evidence in the case. If it was not such a room or place, the Williamsport Hardware & Stove Company were not bound to guard the elevator shaft so as to protect persons who were likely to go into the store or into that place from slipping or falling therein. But if it was such a room or

place as persons visiting the store on business were likely to go or be invited to go, or were in the habit of going, then the Williamsport Hardware & Stove Company were bound to so guard and protect the elevator shaft that such persons would not slip or fall therein in the exercise of ordinary care.] [11]

Verdict and judgment for plaintiff for $2,350. Defendant appealed.

*Errors assigned* were (1–11) various instructions, quoting them ; (12–15) rulings on evidence, quoting the bill of exceptions.

*H. T. Ames*, with him *T. H. Hammond*, for appellant.—The implied invitation to a customer by a merchant extends only to that part of the premises necessary for the transaction of the business in hand ; if a customer goes upon any other part of the premises without invitation, he is a mere licensee : Flannigan v. Glucose Co., 11 N. Y. Supp. 688 ; Lackat v. Lutz, 94 Kentucky, 287 (22 S. W. Repr. 218) ; Pierce v. Whitcomb, 48 Vt. 127 ; Sweeny v. Old Colony, etc., R. R. Co., 92 Mass. 368 ; Zoebisch v. Tarbell, 92 Mass. 385; Sweeny v. Barrett, 151 Pa. 600.

One in entering and leaving premises must use the ordinary and customary way of access, and if he adopt some other way he becomes a mere licensee, and cannot recover for defects outside or not substantially adjacent to the regular way : Gaffney v. Brown, 150 Mass. 479 (23 N. E. Repr. 233) ; Shearman & Redfield on Negligence, 704 ; Armstrong v. Medbury, 67 Mich. 250 (34 N. W. Repr. 566) ; Allen v. Johnston, 76 Mich. 31 (42 N. W. Repr. 1075) ; Sweeny v. Barrett, 151 Pa. 600; Johnson v. Wilcox, 135 Pa. 217 ; Smith v. New Castle, 178 Pa. 298 ; Erie v. Magill, 101 Pa. 616.

One who enters a dark passageway without a light does not observe due care : Wilkinson v. Fairrie, 1 Hurlstone & Coltman, 633 ; Forsyth v. Boston & Albany R. R. Co., 103 Mass. 510 ; Parker v. Portland Pub. Co., 69 Maine, 173 ; Pierce v. Whitcomb, 48 Vt. 127 ; Sweeny v. Barrett, 151 Pa. 600 ; Johnson v. Wilcox, 135 Pa. 217 ; Gaffney v. Brown, 150 Mass. 479 (23 N. E. Repr. 233) ; Hart v. Grennell, 122 N. Y. 371 (25 N. E. Repr. 354).

Where there is evidence tending to establish the existence

of facts hypothetically stated in the point presented for instructions, the proponent has a right to specific instructions upon the legal effect of these facts, and it is error to refer the legal effect to the jury: New York, etc., Railroad Co. v. Enches, 127 Pa. 316; Ham v. Del. & Hudson Canal Co., 142 Pa. 617; King v. Thompson, 87 Pa. 365.

It is the general rule that in an action for negligence evidence is not admissible of other independent and disconnected acts of negligence, as going to show negligence in the case at bar: Parker v. Portland Publishing Co., 69 Maine, 173; Schoonmaker v. Wilbraham, 110 Mass. 134; Baltimore, etc., Railroad Co. v. Woodruff, 4 Maryland, 242; Carson v. Godley, 26 Pa. 111–121; Hubbard v. R. R. Co., 39 Me. 506.

*Seth T. McCormick,* for appellee.—It is submitted for the appellee that the following cases sustained the trial court and rule the case at bar, applying the rule of law contended for by the appellee to facts almost precisely similar to the facts in the case at bar: Clopp v. Mear, 134 Pa. 203; McKee v. Bidwell, 74 Pa. 218; Gilbert v. Nagle, 118 Mass. 278; Barowski v. Schulz, 112 Wis. 415 (88 N. W. Repr. 236); Elliott v. Pray, 92 Mass. 378; Rhodius v. Johnson, 56 N. E. Repr. 942; Smith v. Parkersburg Co-op. Assn., 37 S. E. Repr. 645.

Linck had previously testified that he had not considered the elevator shaft a dangerous place, and the court very properly admitted the question to show notice to Linck of the dangerous character of the unprotected elevator shaft: Carson v. Godley, 26 Pa. 111; Wooley v. Railroad Co., 83 N. Y. 121; Morse v. Minneapolis, etc., R. R. Co., 30 Minn. 465.

OPINION BY MR. JUSTICE FELL, May 11, 1903:

The defendants were engaged in the hardware and stove business, and occupied a building on the first floor of which was the main storeroom, extending the entire length of the building, and two other rooms known as the storeroom and the wareroom. In the middle of the store, between the storeroom and the wareroom, was a storage room eight and a half feet wide and fifty feet long, which opened into the other rooms. At one end of this room there were stairs leading to the cellar, and at the other end an elevator shaft about six feet square.

The room was dimly lighted by a window opening into the wareroom. On the morning of the accident, plaintiff went into the store to buy a frame for a stove grate, carrying with him one he had bought at this store two years before. He showed the grate to one of the defendants' salesmen, and asked him for a new one like it. The salesman, after examining it, said: "I think we have a piece like that in the back room. We will go and see." He then turned and walked into the storage room. The plaintiff followed him. The room was so dark that he lost sight of the salesman, but followed what he supposed to be the sound of his footsteps to the other end of the room, where he fell into the unguarded elevator shaft. There was testimony that it was not unusual for customers of the store to walk through this room in order to reach the storeroom or the wareroom.

Seven of the assignments of error are to the refusal of the court to give instructions that would have withdrawn the case from the jury. This would have been error. The jury were instructed that if the plaintiff was not invited to enter the room, or if persons visiting the store on business were not in the habit of going into the room or likely to go into it, the defendants were not liable in this action; but that if in the usual course of business the room was used by customers as a passageway to other rooms, it was the duty of the defendants to protect the elevator shaft. And it was left to the jury to say whether on the occasion of the plaintiff's injury, what was said by the salesman constituted an invitation to accompany him in search of the article needed. This instruction was correct and covered the whole ground of the defendants' negligence. The point of the case was whether the plaintiff had been invited, or whether there was an implied invitation in view of the fact that the room was generally used by customers as a passageway.

It was not error to allow one of the defendants to be asked on cross-examination whether other persons had not fallen down the elevator shaft before this accident. He had testified that he did not consider the place dangerous, and this question was proper to show his knowledge of its dangers and to affect his credibility.

The judgment is affirmed.