# Saunders v. Altoona and Logan Valley Electric Railway Company, Appellant.

*Negligence—Street railways—Cars—Ice on steps—Accident to passenger alighting—Case for jury.*

In an action of trespass to recover damages for personal injuries, it appeared that the plaintiff, while dismounting from a trolley car, had slipped on the ice which had accumulated on the steps and was injured.  The presence of the ice on the step was admitted, but it was claimed that it had accumulated within 35 minutes as the result of a cold, drizzling rain.  This was contradicted by the plaintiff who testified that no rain had fallen that afternoon and that the weather was clear.

*Held,* that the case was for the jury and a verdict for the plaintiff will be sustained.

A street car company is required to use and exercise the highest degree of care, usually employed by prudent persons engaged in that business, to keep the steps of its cars free from ice and snow so as to be safe for the use of passengers, in boarding and alighting from the same.

386 SAUNDERS *v.* ALTOONA & L. V. E. RY. CO., Appel.

Assignment of Error—Opinion of the Court. [84 Pa. Superior Ct.

Argued October 27, 1924. Appeal, No. 196, Oct. T., 1923, by defendant, from judgment of C. P. Blair Co., March T., 1923, No. 308, on verdict for plaintiff in the case of Charles E. Saunders v. Altoona and Logan Valley Electric Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before SEARLE, P. J., 22d Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,050 and judgment thereon. Defendant appealed.

*Errors assigned* were the charge of the court, answers to points and refusal of defendant's motion for judgment non obstante veredicto.

*S. B. Hare,* and with him *Thomas H. Greevy,* for appellant.

*D. Lloyd Claycomb,* for appellee.

OPINION BY HENDERSON, J., February 27, 1925:

The appellant is a street railway company engaged in the transportation of passengers in and about the City of Altoona. The plaintiff was a passenger on one of its cars in February, 1921. As he was alighting from the car at his destination, he slipped, as alleged, on an icy step of the car, as a result of which he fell heavily on the platform sustaining a severe injury to his right leg. The step from the car is what was described as a drop step which was folded back in the car when not in use. The evidence in support of the action showed that there was snow and ice on the step; that this sloped from the

back part of the step toward its front edge, and that the plaintiff slipped on it with the result above stated. He is corroborated as to his fall by a passenger who followed him out of the car; the plaintiff being the first passenger over the step at that stop. The presence of ice on the step was admitted by the motorman. He said however it was thin ice which had accumulated within thirty-five minutes as the result of a cold, drizzling rain which froze as it fell, he "didn't think there was enough on it to clean it off," and he "had cleaned it about thirty-five minutes before at Hutchinson's Crossing," a stopping place on his route. The car stopped at several stations between Hutchinson's Crossing and the place where the plaintiff alighted. The question whether the ice was a recent accumulation as indicated by the description given of it and the state of the weather, or whether there was a reasonable opportunity for the employees in charge of the car to remove it, were questions for the jury under all of the evidence. The appellant contended that the plaintiff was guilty of contributory negligence in that he did not use both hands in descending from the car and there was the further contention supported by the testimony of the motorman that he did not slip from the steps, but fell after he had reached the platform. These were clearly questions of fact. There was competent evidence that the plaintiff exercised care in alighting and a contradiction of the testimony that he did not slip on the car step. The court could not therefore have given the jury binding instructions in favor of the defendant. It was further contended that there was no negligence on the part of the defendant and the evidence as to the previous removal of snow and ice from the step and the freezing of the rain on the step as the car progressed was relied on in support of this position. There was contradictory evidence however as to the state of the weather; it appeared from the testimony of the plaintiff and another witness that no rain had fallen that afternoon; that it was "a fine day"; "a moderate day."

There was the fact too that the step was drawn up when the car was in motion, and the improbability that water could reach it and freeze between stations was for the consideration of the jury.

Exception is taken to a portion of the charge in which the jury was instructed that it was the duty of the company to exercise the highest degree of care to keep the steps free from ice; the complaint being that the modification should have been added "which was reasonably practicable," but the court did so charge in answer to the plaintiff's second point, the proposition therein being "the defendant company was required to use and exercise the highest degree of care usually employed by prudent persons engaged in that business to keep its steps free from ice and snow, so as to be safe for the use of passengers in boarding and alighting from its cars." This proposition was affirmed. The duty of a carrier of passengers is described in various terms all having, to ordinary apprehension, the same meaning. In Englehaupt v. Erie R. R. Co., 209 Pa. 182, the duty was said to be the "strictest vigilance." The same language was used in Bockelcamp v. L. & W. V. R. R. Co., 232 Pa. 66, and in other cases there cited. In Myer v. Penna. R. R. Co., 64 Pa. 225, the measure was said to be "the utmost which human knowledge, human skill and human foresight and care can provide." The court below in that case had charged that the carrier of passengers was required to use the utmost care and vigilance. In Stankowcz v. Baltimore & Ohio R. R. Co., 62 Pa. Superior Ct. 126, the duty of the carrier was held to be the exercise of "strictest vigilance." These terms have substantially the same significance—the obligation to exercise the highest degree of care which is reasonably practicable to assure the safety of passengers. We think the jury could not have misunderstood the law as declared by the court, especially in view of the answer to the plaintiff's second point. Moreover at the end no specific exception was taken to the charge and there was no reply to the inquiry

of the learned trial judge "is there anything else you wish me to say to the jury?" In such circumstances the appellant should not be heard to complain of the omission of the court to charge more specifically in the absence of a request so to do, and this is especially the case where, taking the charge as a whole, the law is correctly stated. A review of the record convinces us that no substantial error was committed in the trial and the judgment is therefore affirmed.