# Markman *v.* Fred P. Bell Stores Co., Appellant.

*Negligence—Step or platform in front of store—Slippery condition of step—Constructive notice—Contributory negligence—Refusal of judgment n. o. v.—Inferences—Res ipsa loquitur.*

1.  On an appeal from a refusal of judgment for defendant n. o. v., the appellate court gives plaintiff the benefit of all the evidence and inferences therefrom favorable to him, and rejects all others.

2.  The doctrine of res ipsa loquitur does not apply in favor of a plaintiff suing for damages for personal injuries caused by slipping on a step at the entrance of defendant's store.

3.  To recover in such a case, it is essential for plaintiff to show a failure to exercise reasonable care for the safety of the customer, for this is the measure of responsibility where one comes by invitation, express or implied, for the purpose of inspecting or purchasing goods for sale.

4.  Where the proprietor of a grocery store permits fat meat and vegetables to remain on the steps of his store, and his attention is frequently called to this without result, and a customer who is about to leave the store slips on the refuse and is injured, a verdict

and judgment against the proprietor for the injuries will be sustained.

5. In such case the customer's contributory negligence is for the jury where the evidence tended to show that she used due care, although at the time she was encumbered with parcels and a handbag which to some extent interfered with her vision.

6. More watchfulness is demanded of one traveling on a highway than in a passageway of a store.

Argued November 30, 1925.   Appeal, No. 369, Jan. T., 1925, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1924, No. 4549, on verdict for plaintiff, in case of Alice Markman v. Fred P. Bell Stores Co.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Trespass for personal injuries.   Before BARNETT, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $3,500.   Defendant appealed.

*Error assigned* was, inter alia, refusal of defendant's motion for judgment n. o. v., quoting record.

*Raymond A. White, Jr.,* with him *Maurice W. Sloan,* for appellant.—The mere fact that plaintiff was injured while lawfully on the premises of defendant does not raise a presumption of negligence on the part of the latter: Spickernagle v. Woolworth, 236 Pa. 496; Stearns v. Spinning Co., 184 Pa. 519; Diver v. Mfg. Co., 205 Pa. 170; Huey v. Cahlenbeck, 121 Pa. 238.

It was the duty of plaintiff as she went out on the platform or step in leaving the store to look and it was her duty to see what was in her way: Lerner v. Phila., 221 Pa. 294.

A defect if any in the walk was apparent and could have been easily avoided by keeping near the gate; not to do so was such an unnecessary assumption of a patent

risk as prima facie precluded a recovery: Brown v. Phila., 267 Pa. 183; Beans v. Phila., 260 Pa. 280.

*Henry B. Sachs,* of *Sachs & Sachs,* for appellee.—The question of contributory negligence is for the jury: Polenske v. Lit Bros., 18 Pa. Superior Ct. 476; Powell v. Wilhelm, 49 Pa. Superior Ct. 268; Cramer v. Aluminum Co., 239 Pa. 120; Ford v. Phila., 45 Pa. Superior Ct. 406; Musselman v. Hatfield Boro., 202 Pa. 489; Iseminger v. Water & Power Co., 206 Pa. 591; Bloomer v. Snellenburg, 221 Pa. 25.

Under the circumstances of this case, a notice to defendant of the condition of the step on the day in question was legally necessary: Pittsburgh R. R. v. Donahue, 70 Pa. 119; Bushel v. Ins. Co., 15 S. & R. 173; Chestnut Hill, etc., Turnip Co. v. Rutter, 4 S. & R. 6; Fenton v. Machine Co., 9 Phila. 189; Mapes v. Bank, 80 Pa. 163; McClung v. Dearborne, 134 Pa. 396; Phila., etc., R. Co. v. Brannen, 17 W. N. C. 227.

OPINION BY MR. JUSTICE SADLER, January 4, 1926:

Mrs. Markman brought this action to recover damages sustained by a fall at the entrance way of defendant's store, situated at the corner of Germantown Avenue and Ashmead Street, in the City of Philadelphia. On the morning of November 28, 1923, she had gone to an adjoining place of business and purchased two loaves of bread. Carrying these, she approached the building of defendant from a triangular platform, the sides of which were parallel with the adjoining house lines, the floor above being held up by an iron post located at its apex. The door leading into the sales room was constructed at the base, the latter being about nine feet in width. On the morning in question, when the plaintiff entered the store, the proximity of other customers going in precluded observation of the step as she came from Germantown Avenue. After completing her purchases, she departed through the door nearest Ashmead Street, carry-

ing four parcels of merchandise, with a shopping bag over her arm. Again, according to the testimony, the view was obstructed by persons both in front and at her side. Evidence was offered to show plaintiff then slipped on vegetable refuse, which had accumulated on the wet platform and step, and fell. Cabbage leaves and a piece of fat meat, parts of the same kind of produce offered for sale, were found adhering to the sole of her shoe after the accident. Both bones of the left leg between the knee and ankle were fractured, necessitating her removal to a hospital where requisite treatment was given for several weeks. Since that time, she has been compelled to make use of a brace and crutches, and continues to suffer pain and inconvenience. The jury rendered a verdict for $3,500, and the learned court below declined to disturb it. From the judgment entered thereon this appeal was taken.

The rulings made at the trial are not challenged, nor is the charge of the court complained of as either erroneous or inadequate. The testimony offered on the questions of negligence and contributory negligence, and upon which the jury was directed to pass, was fully referred to and analyzed, and the law applicable thereto correctly stated. A reading of it will show that the rights of both parties were amply protected. All of the points presented by defendant were affirmed, with the exception of the request for binding instructions in its favor, and it is to the refusal to so order, and to sustain a motion for judgment non obstante veredicto, that the two assignments of error filed are alone directed. In considering the sufficiency of the evidence to sustain the verdict, we must therefore give plaintiff the benefit of all the evidence and inferences therefrom favorable to her, and reject all others: McDonald v. Pittsburgh, 278 Pa. 485.

It is first insisted that plaintiff failed to establish any actionable negligence on the part of defendant. This burden rested upon her, for its presence is not to be

presumed from the mere fact that the injury was caused by the fall at the entrance to the store: Chapman v. Clothier, 274 Pa. 394. The doctrine of res ipsa loquitur does not apply in such cases, and the fact that the damage was occasioned by some breach of duty must be affirmatively proved: Huey v. Gahlenbeck, 121 Pa. 238; Sterns v. Ontario Spinning Co., 184 Pa. 519; Diver v. Singer Mfg. Co., 205 Pa. 170. To recover, it was essential to show a failure to exercise reasonable care for the safety of the customer, for this is the measure of responsibility where one comes by invitation, express or implied, for the purpose of inspecting or purchasing goods offered for sale: Bloomer v. Snellenburg, 221 Pa. 25; Robb v. Niles-Bement-Pond Co., 269 Pa. 298; Spickernagle v. Woolworth, 236 Pa. 496; Woodruff v. Painter, 150 Pa. 91. The proprietor must keep the portion of the premises permitted to be used by the prospective buyer in proper condition, and if it is shown that the injury was caused by a neglect to do so, a recovery of damages may be had for the resulting loss: Reid v. Linck, 206 Pa. 109; Polenske v. Lit Brothers, 18 Pa. Superior Ct. 474; Brown v. Milligan, 33 Pa. Superior Ct. 244.

In the present case, it appeared the defendant conducted a store, selling groceries, meat and vegetables, and it was to make purchases of these that plaintiff entered upon the premises. When she left, and fell, there were found on her shoe fat meat and cabbage leaves, evidently the cause of her slipping. Testimony was offered to show that celery, lettuce and other plants were washed on the street at the right of the door, that parts became loose and accumulated on the pavement and step, and that this condition existed at the time of the accident. Under proper instructions, the jury has found that there was a failure to protect customers from this possible peril, and the injury here complained of was the result. The mere presence of such refuse, as described, does not in itself show negligence, for this condition may temporarily arise in any store of this character, though

the proprietor has exercised due care; and, if it appears that proper efforts are made to keep clean the passageways so they may be safely traversed, he is not to be held responsible if some one accidentally slips and falls. Where, however, it is disclosed, as here, that the dangerous condition, arising from the same cause, was not a mere chance occurrence, but so often repeated as to call for frequent notices to the owner, and on one occasion to the police, and the same situation was shown to have existed when the customer was hurt, we cannot say the jury was not justified in finding defendant failed in his legal duty. The owner was liable for the negligence of the employees in not keeping the aisles and entrances reasonably clean and safe, though the dangerous condition existing was contrary to his orders or wishes: Whaley v. Citizens' Nat. Bank, 28 Pa. Superior Ct. 531; Saunders v. Altoona & Logan Valley E. R. Co., 84 Pa. Superior Ct. 385.

It is further insisted that, even if a finding of negligence was justified, the evidence showed such lack of attention on the part of Mrs. Markman as to defeat her action. She entered the store on the Germantown side of the doorway, but, as before noted, her view of the platform was obscured by those walking in front and by her side; the same was true when she departed after making her purchases, if the testimony is to be believed. On the latter occasion, she was burdened with four parcels held in front, extending twelve or fifteen inches from her body, to her chin, and carried a handbag on her arm. It is incumbent on one seeking to recover for loss, such as here complained of, to keep a general outlook to observe defects which may give rise to danger (Brown v. White, 206 Pa. 106), and if plaintiff's own act contributed to the injury, as by carrying parcels making observation of the surroundings impossible, there can be no recovery: Lautenbacher v. Phila., 217 Pa. 318. But all that is required is the exercise of ordinary prudence under the circumstances. More watchfulness is

demanded of one traveling on a highway than in a passageway of a store, as here (Bloomer v. Snellenburg, supra), and some inattention may be excused by reason of conditions brought on by matters beyond the control of plaintiff·which limit his ability to see, such as the interference occasioned by others passing (Polenske v. Lit Brothers, supra; Powell v. Wilhelm, 49 Pa. Superior Ct. 268; Ford v. Phila., 45 Pa. Superior Ct. 404), provided they were sufficient in number and nearness to prevent a proper view: Lerner v. Phila., 221 Pa. 294. The mere fact that packages were carried does not necessarily convict plaintiff of contributory negligence, though they may have interfered to some extent with vision: Nicholson v. Phila.; 194 Pa. 460; Brown v. Milligan, supra; Robb v. Niles-Bement-Pond Co., supra; see also, Iseminger v. York Haven Water & P. Co., 206 Pa. 591; Musselman v. Hatfield Borough, 202 Pa. 489. Here, the jury, after fair and impartial instructions, found Mrs. Markman, in going upon the platform, used such care as the ordinarily prudent person is expected to exercise, and, under the evidence, this question was one for its determination: Bruch v. Phila., 181 Pa. 588. The testimony was not of a character to justify binding instructions for defendant, or warrant the setting aside of the verdict rendered: Cramer v. Aluminum Co., 239 Pa. 120. For the reasons stated, the assignments of error are overruled.

The judgment is affirmed.