## GREAT ATLANTIC & PACIFIC TEA CO. v. WEBER.

### No. 4556.

Circuit Court of Appeals, Third Circuit.

Aug. 4, 1931.

Robert C. Walden, of Philadelphia, Pa. (Walter R. Carroll, of Camden, N. J., of counsel), for appellant.

Lester B. Johnson, of Philadelphia, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the court below Lizzie K. Weber brought suit and recovered a verdict against the Great Atlantic & Pacific Tea Company for personal injury sustained by her through the alleged negligence of said company. On the court's refusal to grant a new trial and entry of judgment against it the defendant took this appeal. In accordance. with our rule, the appellant's brief states the sole question involved in the case is: "Was the evidence offered with respect to defendant's negligence sufficient in law to warrant the submission of that question ·to the jury?" Accordingly we confine ourselves to this single question.

The facts are the defendant kept a grocery and provision store, and plaintiff entered with a view to buying lettuce. She inquired if they had lettuce, and, being told they had, she crossed the store and walked toward the lettuce counter. As she neared it, her right foot slipped forward, she fell, and between the fall and her effort to save herself she sustained injuries of so serious a character as to compel her to lie on her back for weeks in plaster casts enveloping her entire body, during which time she was unable to even turn. The proofs tended to show that in ordinary course lettuce was brought to the store daily packed in ice and put on the lettuce counter; that melting water dripped from time to time to the floor from which it had to be mopped. Moreover, there was proof that the floor had been recently oiled; that water accumulating on such oiled floor made the floor even more slippery. One witness testified the puddle was such that when she neared it she had to walk around it. It was also proved that when the plaintiff fell she laid in a puddle of water. In view of the duty of the defendant to keep its store floor in such condition as to be reasonably safe for customers to walk thereon, we think there was sufficient evidence of proof in this case to constrain the trial judge to submit to the jury the question whether the defendant was negligent. We accordingly affirm the judgment.