## RANDOLPH v. GREAT ATLANTIC & PACIFIC TEA CO.*
### No. 6304.

District Court, W. D. Pennsylvania.
June 29, 1932.

*For opinion affirming order, see 64 F.(2d) 247.

O. K. Eaton, of Pittsburgh, Pa., and Scott Fink, of Greensburg, Pa., for plaintiff.

John A. Metz and W. C. McClure, both of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

Maggie V. Randolph, the plaintiff, Saturday evening, March 24, 1928, entered the grocery and meat store of the defendant, at Irwin, Pa., to make a purchase. Desiring to use the telephone, she walked on the way thereto near a meat block in the store. While doing so, she slipped and fell, and as a result was injured. She brought this action to recover damages on account of alleged negligence of defendant in maintaining the floor, where she fell, in a greasy, slippery, and unsafe condition. The jury returned a verdict in her favor in the sum of $7,382. The case is now before us on defendant's motion for a new trial.

Defendant contends that the law applicable to the issue of negligence in this case is the law as laid down by the federal courts and not the law as laid down by the highest courts of Pennsylvania, the state in which the accident happened. R. S. 721 (28 U. S. C. § 725 [28 USCA § 725]) provides: "The laws of the several States, except where the Constitution, treaties, or statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply."

Federal courts will not follow the state courts on questions of wide commercial interest, or of general jurisprudence. Swift v. Tyson, 16 Pet. 1, 10 L. Ed. 865. Federal courts will follow the state courts as to the duties which a master owes to his servant and his liability for negligence. Fillippon v. Albion Vein Slate Co., 250 U. S. 76, 39 S. Ct. 435, 63 L. Ed. 853. Federal courts will follow the state courts as to the presumption of ownership, etc., arising from the wearing of a uniform in a negligence case. Western Union Telegraph Co. v. Kirby, 37 F.(2d) 480 (C. C. A. 3). Federal courts will also follow the decisions of the highest state courts in all cases local in nature and character such as relate to the rights and duties of owners of real estate.

In this case there is involved the rights and duties of the defendant as the owner and proprietor of a store. This question is local

in character, and the laws of Pennsylvania should control. The question, however, is immaterial, because there is no conflict between the federal decisions and the decisions of the Supreme Court of Pennsylvania on the issue involved.

[3] Defendant further contends that its point for binding instructions should have been affirmed; that there was no evidence from which the jury could find that defendant had actual or constructive notice of the unsafe condition of the floor at the time and place plaintiff was injured.

"In determining a motion of either party for a peremptory instruction, the court assumes that the evidence of the opposing party proves all that it reasonably may be found sufficient to establish, and that from such facts there should be drawn in favor of the latter all the inferences that fairly are deducible from them." Gunning v. Cooley, 281 U. S. 90, 94, 50 S. Ct. 231, 233, 74 L. Ed. 720.

There was evidence in this case that the customers of defendant made use of the pay telephone in defendant's store as they desired to do so, and therefore there was an inference that defendant had installed and maintained this telephone for the accommodation and convenience of its customers; there was evidence that plaintiff was given permission to use the telephone; that the floor upon which she walked was covered with sawdust, which was renewed and replaced each day; that new sawdust had been placed on the floor the day before the accident; that the floor was made of hardwood and was smooth; that scraps of meat and scrapings of bone were almost continuously on the floor near the meat block and on the way to the telephone; that this condition had existed for several months prior to the accident; that sticky and greasy materials had been seen on the floor at different times prior to the accident, which were removed by a rake; that for several months prior to the accident the floor was slippery; that the employees frequently skated or slid across the floor; that two persons had fallen thereon within three months before the accident in question, the last one being at noon the day of the accident, of which the employees had knowledge; that plaintiff slipped, fell, and was injured by slipping on the greasy floor; that grease was found on the heel of plaintiff's shoe after the accident; and at the time thereof there were quite a few scraps of meat on the floor. Was this evidence sufficient to visit defendant with notice of the condition of the floor at the time of the accident?

In Markman v. Fred P. Bell Stores Co., 285 Pa. 378, 132 A. 178, 43 A. L. R. 862, plaintiff, the customer, fell and was injured while leaving defendant's store by reason of slipping on a step which was slippery by reason of fat meat and vegetables thereon. The Supreme Court of Pennsylvania, speaking by Mr. Justice Sadler said (page 382 of 285. Pa., 132 A. 178, 179, 43 A. L. R. 862):

"To recover, it was essential to show a failure to exercise reasonable care for the safety of the customer, for this is the measure of responsibility where one comes by invitation, express or implied, for the purpose of inspecting or purchasing goods offered for sale. Bloomer v. Snellenburg, 221 Pa. 25, 69 A. 1124, 21 L. R. A. (N. S.) 464; Robb v. Niles-Bement-Pond Co., 269 Pa. 298, 112 A. 459; Spickernagle v. Woolworth, 236 Pa. 496, 84 A. 909, Ann. Cas. 1914A, 132; Woodruff v. Painter, 150 Pa. 91, 24 A. 621, 16 L. R. A. 451, 30 Am. St. Rep. 786. The proprietor must keep the portion of the premises permitted to be used by the prospective buyer in proper condition, and if it is shown that the injury was caused by a neglect to do so, a recovery of damages may be had for the resulting loss. Reid v. Linck, 206 Pa. 109, 55 A. 849; Polenske v. Lit Brothers, 18 Pa. Super. Ct. 474; Brown v. Milligan, 33 Pa. Super. Ct. 244. * * *

"The mere presence of such refuse, as described, does not in itself show negligence, for this condition may temporarily arise in any store of this character, though the proprietor has exercised due care; and, if it appears that proper efforts are made to keep clean the passageways so they may be safely traversed, he is not to be held responsible if some one accidently slips and falls. Where, however, it is disclosed, as here, that the dangerous condition, arising from the same cause, was not a mere chance occurrence, but so often repeated as to call for frequent notices to the owner, and on one occasion to the police, and the same situation was shown to have existed when the customer was hurt, we cannot say the jury was not justified in finding defendant failed in his legal duty."

This case was cited with approval by the same court in Gorman et ux. v. Simon Brahm's Sons, Inc., 298 Pa. 142, 148 A. 40.

In Great Atlantic & Pacific Tea Co. v. Weber, 51 F.(2d) 1051 (C. C. A. 3), plaintiff was injured from a fall on a slippery floor. Circuit Judge Buffington, speaking for the court, said, page 1052 of 51 F.(2d): "The facts are the defendant kept a grocery and provision store, and plaintiff entered with

464

a view to buying lettuce. She inquired if they had lettuce, and, being told they had, she crossed the store and walked toward the lettuce counter. As she neared it, her right foot slipped forward, she fell, and between the fall and her effort to save herself she sustained injuries of so serious a character as to compel her to lie on her back for weeks in plaster casts enveloping her entire body, during which time she was unable to even turn. The proofs tended to show that in ordinary course lettuce was brought to the store daily packed in ice and put on the lettuce counter; that melting water dripped from time to time to the floor from which it had to be mopped. Moreover, there was proof that the floor had been recently oiled; that water accumulating on such oiled floor made the floor even more slippery. One witness testified the puddle was such that when she neared it she had to walk around it. It was also proved that when the plaintiff fell she laid in a puddle of water. In view of the duty of the defendant to keep its store floor in such condition as to be reasonably safe for customers to walk thereon, we think there was sufficient evidence of proof in this case to constrain the trial judge to submit to the jury the question whether the defendant was negligent."

The evidence of the condition of the floor at the time of the accident, its slippery condition for several months prior thereto, that employees frequently skated across the same, and that two persons within three months had fallen thereon, was sufficient to submit to the jury on the question whether defendant had actual or constructive notice of the condition of the floor at the time of the accident.

■ Defendant further contends that the court erred in admitting evidence of the condition of the floor prior to the date of the accident, for the reason that it was immaterial under the statement, and further because it admitted evidence of independent acts of negligence. The seven specific averments of negligence in the statement sufficiently averred that defendant had notice of the unsafe and dangerous condition of the floor at the time of the accident.

■ There was evidence that the floor was slippery at the time of the accident by reason of fat and grease thereon, and that this condition had existed for several months prior thereto. This evidence was admissible to visit defendant with notice of the condition. If we should assume, as contended by defendant, that there was no evidence of a continuous slippery condition of the floor by reason of grease thereon, but that there was evidence that the slippery condition of the floor at the time of the accident had happened many times within the three or four months preceding, of which the employees and persons in charge of the store had notice, then this evidence was admissible under the authority of Markman v. Fred P. Bell Stores Co., 285 Pa. 378, 132 A. 178, 43 A. L. R. 862, and Great Atlantic & Pacific Tea Co. v. Weber (C. C. A.) 51 F.(2d) 1051, supra. The rule laid down in these cases is reasonable. Storekeepers who maintain unsafe floors for the use of their customers during business hours each day should be held liable to persons injured by their acts, although such floors were made safe by cleaning, or otherwise, each night.

Defendant further contends that the duty owed to the plaintiff was the duty which it owed to a licensee and not the duty which it owed to an invitee. This contention was raised for the first time at the hearing of the motion for a new trial. Both parties tried the case on the theory that plaintiff was an invitee.

■ The telephone of defendant was a telephone maintained for the use of its customers. The customers used it when they so desired. They were, therefore, invitees in the use thereof. At any rate, it was the duty of the defendant to exercise reasonable care for the safety of customers while going to and from the telephone. In Markman v. Fred P. Bell Stores Co., 285 Pa. 378, the court said (page 382, 132 A. 178, 180, 43 A. L. R. 862): "The proprietor must keep the portion of the premises permitted to be used by the prospective buyer in proper condition, and if it is shown that the injury was caused by a neglect to do so, a recovery of damages may be had for the resulting loss."

■ Defendant further contends that the court erred in refusing its fourth, seventh, and eighth points. These points were covered in the general charge to which no exception was taken except as to what constituted constructive notice, which has already been discussed, and which was fully covered in the charge. The other reasons assigned in support of the motion for a new trial, which have not been discussed here, have been considered and found without merit. Some of them were not discussed in defendant's oral or written argument.

The motion for a new trial is refused.